[Crim. No. 490. Second Appellate District.—July 27, 1916.]

## THE PEOPLE, Respondent, v. TONY VISCONTI, Appellant.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON WITH INTENT TO MURDER—DEFENSE OF ALIBI—INSTRUCTION.—In a prosecution for assault with a deadly weapon with intent to murder, where the evidence of the prosecution made out a *prima facie* case, and the defendant offered evidence in support of his claim of an alibi, it was error for the court to refuse to instruct the jury, upon defendant's request, that in making the proof of an alibi defendant was not obliged to establish that defense by a preponderance of evidence or beyond a reasonable doubt, but that it was sufficient to entitle him to a verdict of not guilty if the proof raised in the minds of

the jury a reasonable doubt as to the presence of the defendant at the place where the crime was alleged to have been committed and at the time referred to in the information; nor did the fact that the court gave a general instruction to the effect that the jury must believe beyond a reasonable doubt that the defendant committed the crime before they could convict him, relieve the failure to give said instruction from prejudice.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial. Charles Munroe, Judge presiding.

The facts are stated in the opinion of the court.

Ford & Nelson, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was charged with the crime of assault with a deadly weapon with intent to murder. He was found guilty as charged, and has taken an appeal from a judgment of imprisonment, as well as from an order denying his motion for a new trial.

The complaining witness gave testimony identifying the defendant as being the man who entered her house in the night-time and who struck her with a gun after she had attempted to shoot him. It appeared that the man with whom the encounter was had entered the house of the prosecutrix with burglarious intent. The prosecuting witness positively identified defendant as being the perpetrator of the crime; she testified that there was some light in the house—perhaps a lantern—but she was not sure about that. The defendant denied that he was the person who had assaulted the prosecutrix, and introduced his wife and another witness who gave testimony in corroboration of his claim that he was not at the house of the prosecutrix on the night charged, but was at another place some distance away. In view of the testimony offered for the purpose of establishing an alibi, the defendant asked the court to give an instruction by which the jury was to be informed that in making the proof of an alibi the defendant was not obliged to establish that defense by a preponderance of evidence or beyond a reasonable doubt, but that it was sufficient to entitle him to a verdict of not

guilty if the proof raised in the minds of the jury a reasonable
doubt as to the presence of the defendant at the place where
the crime was alleged to have been committed and at the
time referred to in the information. The court refused to
give this instruction, or any instruction upon the matter of
the defense of an alibi. It seems to be conceded, as it must,
that the instruction as proposed was pertinent and proper;
but the contention is made that inasmuch as the trial judge
did instruct the jury that they must believe beyond a reason-
able doubt that defendant committed the crime, no prejudice
would arise by reason of the failure to instruct directly upon
the matter of the alibi proof. The instruction of the court
which was given was general, and stated in substance that
before conviction could be had it was incumbent upon the
prosecution to prove beyond a reasonable doubt all of the mat-
ters alleged in the information. We think that defendant was
entitled to have some particular and specific instruction given
touching the matter of his defense of an alibi. It is said
in our decisions that the matter of alibi proof is not strictly
"a defense." However, in the American & English Encyclo-
pedia of Law, as cited in the case referred to below, this
expression is made: "The true doctrine seems to be that
where the state has established a *prima facie* case, and the
defendant relies upon the defense of alibi, the burden is upon
him to prove it, not beyond a reasonable doubt, nor by a
preponderance of the evidence, but by such evidence, and to
such a degree of certainty, as will, when the whole evidence
is considered, create and leave in the mind of the jury a rea-
sonable doubt of the guilt of the accused." (*People* v.
*Winters*, 125 Cal. 325, [57 Pac. 1067].) It may well have
been that the testimony introduced by the prosecution did
make out to the minds of the jury and beyond a reasonable
doubt *prima facie* the guilt of the accused. Yet if upon the
evidence offered by him tending to show that at the time
in question he was not at the place, nor where he could have
committed the crime, a reasonable doubt was created in the
minds of the jury, such doubt of course would avail the de-
fendant and entitle him to an acquittal. The quantity and
variety of evidence and the quality of proof which would be
sufficient to raise such doubt where an alibi was sought to be
proven are proper and pertinent subjects for an instruction
to the jury, and we think were within the right of defendant

to insist upon.   There are no decisions in this state directly upon the point presented, but in a similar state of the law the Oklahoma court has decided in agreement with appellant's contention.   (*Courtney* v. *State,* 10 Okl. Cr. 589, [140 Pac. 163].)   We are of opinion that the error in refusing to give the offered instruction was prejudicial, and that defendant is entitled to a new trial.

The judgment and order are reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 25, 1916, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the second appellate district is denied.

In denying the application we deem it proper to say that we are not to be understood as intimating that the refusal to give such an instruction as was refused in this case would in all cases be deemed by us sufficient cause for reversal. Especially is this true in view of the provisions of section 4½ of article VI of the constitution.

In denying the application for hearing in this court we assume that the district court of appeal concluded, in view of the circumstances of this particular case as shown by the record, that the refusal of the trial court to permit the requested instruction operated substantially to the prejudice of the defendant.