[Crim. No. 899.  Third Appellate District.—August 6, 1926.]

THE PEOPLE, Respondent, v. MARK COLLINS, Appellant.

[1] CRIMINAL LAW — ROBBERY — IMPEACHMENT OF ACCOMPLICE — RESTRICTED CROSS-EXAMINATION — ABSENCE OF PREJUDICE. — In this prosecution for robbery, in which an accomplice of the defendant confessed to a participation in the crime. and at the trial gave evidence against defendant, counsel for defendant, without objection, having cross-examined said accomplice as to his testimony given before the grand jury and placed before the trial jury any variance between the testimony given before the grand jury and that given at the trial, and the jury having had full opportunity to observe the witness, his manner upon the stand, and the strength or weakness of his recollection, the appellate court could not say that defendant was prejudiced by the rulings of the trial court refusing further cross-examination of said witness as to the strength or weakness of his recollection.

[2] ID. — CROSS-EXAMINATION WITHOUT OBJECTION — RIGHT TO RECALL WITNESS.—In such prosecution, the district attorney, without objection, on the cross-examination of defendant's father, having

---

2.  See 8 Cal. Jur. 564; 27 Cal. Jur. 111.

brought out the subject matter of a certain conversation between the latter and the sheriff of a sister state, the trial court did not err in permitting the district attorney to subsequently recall defendant's father and clear up said subject matter; and, said subject matter having in the first instance been gone into without objection, defendant could not predicate reversible error on the ruling of the trial court permitting said sheriff, over the objection of defendant, to testify as to said conversation.

[3] ID.—FAILURE TO PRODUCE WITNESS—MISCONDUCT OF DISTRICT ATTORNEY — IMPROPER EXAMINATION — ABSENCE OF PREJUDICE. — In such prosecution, in view of the prompt admonition and instructions of the trial court, and the fact that defendant and his counsel claimed throughout the trial that if they could find a certain person his testimony would acquit defendant and defendant's counsel put before the jury the testimony of many witnesses as to efforts made to locate said person and have him subpoenaed, without success, it could not be said that the action of the district attorney in asking a witness for the prosecution, a constable, whether or not said person whom defendant desired as a witness was the same man he saw handcuffed to the sheriff in the latter's office in another county on a bank robbery charge, prejudiced defendant's rights to the extent of demanding a reversal of the judgment of conviction.

[4] ID.—ARGUMENT TO JURY—IMPROPER REFERENCE TO DEFENDANT AS CRIMINAL—MISCONDUCT—INSTRUCTIONS.—In such prosecution, the injury, if any, done to defendant by the action of the district attorney, during the argument to the jury, in stating that the defendant was "one of the most desperate and heartless and cold-blooded criminals that has ever been tried in this court, to my knowledge," was removed by the prompt action of the trial court in sustaining defendant's objection and instructing the jury to disregard same and its full and clear general instructions given at the close of the case.

[5] ID. — ALIBI — INSTRUCTIONS. — In such prosecution, the evidence against defendant having been exceedingly strong, and the testimony for the defendant, in support of his defense of an alibi, having failed to raise a reasonable doubt in the minds of the jury as to the guilt of defendant, as shown by their verdict of guilty, it could not be said that defendant's rights were prejudiced by the errors of the trial court in giving an instruction upon the subject of alibi which omitted language informing the jury that evidence of an alibi is sufficient to entitle a defendant to an acquittal if it raises in the minds of the jury a reasonable doubt as to the presence of the defendant at the time and place of the alleged crime, and in using language

---

4.   See 8 Cal. Jur. 623.

which referred to reasonable doubt as to defendant's presence "in some other place," when it should have been "at the scene of the crime," or language of similar import, and in refusing to give defendant's requested instruction upon that subject which correctly stated the law.

(1) 17 C. J., p. 314, n. 58; 34 Cyc., p. 1808, n. 78.  (2) 16 C. J., p. 571, n. 11; 17 C. J., p. 209, n. 85, p. 319, n. 20, p. 368, n. 5. (3) 16 C. J., p. 917, n. 67, p. 919, n. 72.  (4) 16 C. J., p. 919, n. 70. (5) 17 C. J., p. 340, n. 65, p. 349, n. 93.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

Bond & Deirup for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

NEEDHAM, J., *pro tem.*—The defendant was indicted by the grand jury of Butte County of the crime of robbery, alleged to have been committed on the thirty-first day of August, 1924. He was convicted of the crime of robbery of the first degree and was sentenced to state's prison. The defendant appeals from the judgment and from an order denying him a new trial.

Leslie Meredith was charged with the same offense in a separate accusation and he confessed to a participation in the crime, and at the trial gave evidence against the defendant, explaining how the crime was committed by the defendant and himself, and thus admitted he was an accomplice. The persons robbed were Cottrell, Bonynge, and Merriken, and during the robbery a pistol was used by the defendant in the consummation of the crime. The robbery took place in the early morning of August 31, 1924, somewhere between 2 and 3 o'clock A. M., on the public highway leading toward the town of Chico. In addition to the testimony of the accomplice, Meredith, Cottrell, and Bonynge, two of the persons robbed, identified the defendant. The testimony of Cottrell, Bonynge, and Meredith made a

complete case against the defendant, if believed by the jury. The defendant took the stand and denied in detail any participation in the crime and there was submitted evidence in his behalf attempting to prove an alibi. However, the witnesses in behalf of the defendant whose testimony was relied upon to prove an alibi accounted for the defendant at his home in Chico up to a time between 11 o'clock P. M. and midnight, prior to the robbery, and it was in evidence that the scene of the robbery was a few miles only from Chico, and it would take but a brief period to go thereto from Chico. It will thus be seen that the evidence presented to the jury was conflicting, and is binding upon this court upon appeal. Counsel for the defendant, in their opening brief, state: "We realize that the evidence will probably support the verdict if it were not for the serious errors committed on the part of the court, and for the misconduct by the district attorney during the trial." This being the situation, we are not called upon to review the evidence; it was amply sufficient to sustain the verdict, if believed by the jury.

[1] The appellant complains of a ruling made by the court sustaining an objection to a question propounded by counsel for the defendant of the witness, Meredith, the accomplice, and which question was by way of cross-examination, aimed to test the memory of the witness as to some differences in the testimony given by him before the grand jury, and as given at the trial. The witness had stated that his memory was not quite as clear at the time he appeared before the grand jury as it was at the time of the trial, and he was asked the question: "Q. What has made it any clearer since?" To this an objection was made by the district attorney, which was sustained. Thereupon the following question was propounded to the witness by counsel for the defendant: "Q. Did anybody say anything to you about what happened?" To which an objection was interposed by the district attorney that it was in effect the same question to which an objection had just been sustained. This objection was also sustained by the court. A careful reading of the transcript shows that the testimony given by this witness before the grand jury was to the effect that the witness and the defendant were traveling north in the defendant's automobile at the time of the rob-

bery, whereas his testimony at the trial was that they were going south. Subsequent to the ruling of the court, sustaining the objections above set forth, counsel for defendant propounded the following questions upon cross-examination: "Col. Bond (Counsel for Defendant): Q. All right —you testify now that you were coming south at the time of the holdup? A. Yes, sir. Q. At the time you testified before the grand jury, did you know whether you were going north or south? A. I presume that I did. Q. Will you just read that part of it, that part of this evidence? (Indicating evidence taken before the grand jury.) (Witness reads testimony.) A. Well, I was a little bit excited when I made that statement. Q. Did you give that testimony— . . . 'A. We came back out the road and after some coercion why he induced me to help him in this holdup. Well, I forgot whether we was going north or south at the time, but I think we were coming south toward Chico.' Q. Did you give that testimony? A. If it is written down there, that is what I said." It will thus be seen that although the court sustained the two objections above set forth yet, as a matter of fact, the defendant's counsel cross-examined the witness as to his testimony given before the grand jury, and was permitted to bring out and place before the trial jury the testimony given in each instance. Counsel for the defendant without objection cross-examined the witness as to his testimony given before the grand jury and placed before the trial jury any variance between the testimony given before the grand jury and that given at the trial, and the jury had full opportunity to observe the witness, his manner upon the stand, the strength or weakness of his recollection, and we cannot say that because the court did not permit counsel for the defendant to further cross-examine the witness as to the strength or weakness of his memory that such ruling was prejudicial to the defendant. Such a ruling would not warrant a reversal, in view of the strong case made out against the defendant.

[2] The appellant complains' that, when the witness J. D. Collins, father of the defendant, was recalled for further cross-examination by the district attorney, error was committed by the court in permitting further cross-examination as to a conversation had at the noon hour

during the trial between this witness and Sheriff Harries of Salt Lake, Utah. The record shows that the subject matter of this conversation was brought out prior thereto for the first time by the district attorney when the same witness was first under cross-examination, and this testimony was elicited without any objection whatever from counsel for the defendant. In fact, the testimony shows that counsel for the defendant upon the redirect examination of the witness J. D. Collins sought to bring out this conversation himself. The ruling complained of was the action of the court permitting the matter to be cleared up by having Collins recalled for further cross-examination. We think the rule is that even though the matter under inquiry is collateral or immaterial, yet, if it has been gone into without objection in the first instance, as appears by the record in the instant case, by both sides, or either side, it would not be error to subsequently clear the matter up and bring out the full conversation by further examination, and under this situation which was permitted by the court, neither side is in a position to predicate error. The appellant also claims similar error in the rulings of the court in permitting the witness Sheriff Harries, the other party to the same conversation, over the objection of the appellant, to testify as to this conversation which took place in the courtroom at the noon hour, and complains that the action of the court was prejudicial error; but as we have seen, the subject matter of this conversation was in the first instance gone into without objection and there was no error committed by the court in permitting the conversation to be brought out by either party to the conversation. While we do not go so far as to say that the defendant invited the introduction of the evidence under consideration, it can be truly said that he acquiesced in its introduction in the first instance, as above shown.

"It is well settled that a defendant cannot complain of errors invited by him." (See 8 Cal. Jur. 564.)

In any view of the matter under discussion, we cannot say that the rulings prejudiced the defendant or resulted in a miscarriage of justice, and under section 4½ of article VI of the constitution, such ruling will not warrant a reversal of the case.

[3] Appellant's counsel argue that the district attorney was guilty of such misconduct during the trial as to require a reversal of the case, and cite as the first ground of misconduct the asking of the witness J. A. Light, a constable, the following question:

"Q. Mr. Light, will you state whether or not this Jack Taylor is the same man that you saw handcuffed by Sheriff Moulton in the Sheriff's office in Sacramento on a bank robbery charge?

"Mr. Bond: We will object to that as being incompetent, immaterial and irrelevant and assign it as misconduct on the part of the District Attorney, and will ask the Court to instruct the jury to pay no attention to it.

"Mr. Rothe: Col. Bond brought out by this witness the attempt made to find this man Taylor by Mr. Light and I want to show by this witness where he saw this man Taylor.

"The Court: The question of the District Attorney and the answer will be stricken out, if there was an answer given, it is not evidence. The question asked by any attorney is not evidence and particularly this question is not evidence. It is stricken out and the jury will not consider that question. The witness has not answered it and therefore, it just stands with the question stricken out and you will not consider it. Now you may show by Mr. Light, if you desire, if he knows where this man is. Simply show if he can, or if he knows, where this man is and leaving out all reference to the matters you suggested before."

It seems from the reading of the record that appellant and his counsel claimed throughout the trial that if they could find Taylor his testimony would acquit the defendant, and throughout the trial defendant's counsel put before the jury the testimony of many witnesses as to efforts made to locate Taylor and have him subpoenaed, but without success, and Taylor did not appear and give testimony at the trial.

The counsel for appellant earnestly maintain that, notwithstanding the prompt action of the trial judge in sustaining the objection of appellant and the instruction and admonition to the jury, the action of the district attorney was such misconduct as to require a reversal, and cite many cases where it is claimed courts of appeal have

directed a new trial be had because of similar misconduct. We will not take the time and space to review the cases cited. It is sufficient to say that, in our view, after a care-ful review of these cases and a comparison of them with the misconduct complained of in the particular now under review, it cannot be reasonably claimed to be similar. We must assume that the jury was composed of individuals of ordinary intelligence and that the jury followed the admonition and instructions so promptly given by the trial judge, and we are of the opinion that the defendant's rights were not prejudiced to an extent demanding a reversal.

It is next urged that the district attorney committed reversible error in his argument to the jury and the following language used by that official is cited:

"Now as to Mark Collins—you have seen him a good deal, ladies and gentlemen, as he sits here; you know that he is a good looking man and he probably knows that himself; but I want to tell you in all sincerity that Collins as sits over there next to his attorney—and I say this with a good deal of thought—Mark Collins is one of the most desperate and heartless and cold-blooded criminals that has ever been tried in this court, to my knowledge, and I say that absolutely because—

"Col. Bond (Interrupting): Wait a minute—to the remarks of the District Attorney stating that he is a desperate criminal to his knowledge, we take exception and we ask the court to instruct the jury to pay no attention to it, and we assign it as error.

"The Court: Ladies and gentlemen of the jury—

"Mr. Rothe (Interrupting): I am simply referring to this case.

(At the request of the Court the remarks by the District Attorney are read by the reporter.)

"The Court: That remark of the District Attorney will not be considered, it is not in the case and it is not evidence.

"Mr. Rothe: I am basing it solely on the evidence in this case and am referring to nothing else except the evidence that has been brought out in this case."

Here, again, the trial judge promptly in effect sustained the objection of appellant's counsel and properly instructed

the jury. The appellant very earnestly argues that the language above quoted by the district attorney is such that the action of the court above set forth did not cure the alleged injury done to the defendant, and cites many cases where language of prosecuting officers used in argument was held to be reversible error, notwithstanding the court at the time properly and promptly admonished the jury to disregard it. We find that the record discloses, in addition to the admonition given by the court just above referred to that the court at the end of the case, in the general instructions given the jury, gave the following: "Under your oaths as jurors, you are to take into consideration only such evidence as has been admitted by the court and you should disregard and discard from your minds every impression or idea by question asked by counsel which were objected to and to which objections were sustained."

And also: "The defendant is to be tried solely upon the evidence which is before you and not upon suspicions that may have been excited by questions of counsel, answers to which were not permitted by the court. You are not to consider evidence which has been excluded by the court in determining any fact in the case."

And again: "You are cautioned to distinguish carefully between the facts testified to by witnesses and the statements made by counsel or contained therein in their arguments as to what facts have been proved and you must in arriving at your verdict consider only the facts testified to by the witnesses."

[4] After a careful examination of the cases called to our attention, we do not need to say more than that in our view if any injury was done to the defendant, by the language used by the district attorney, it was removed by the very full and clear instructions of the court, and a reversal would not be warranted.

The last ground urged for a new trial is that the court erroneously refused to give an instruction requested by the defendant upon the question of alibi and gave an instruction omitting an essential element of the law applicable thereto. The instruction requested was the following:

"The defendant has introduced testimony to prove an alibi. In order to entitle the defendant to an acquittal at your hands, it is not necessary that the defendant prove an alibi by a preponderance of evidence but it is sufficient to entitle him to a verdict of 'not guilty' if such proof raises in your minds a reasonable doubt as to the presence of the defendant at the place where the crime is alleged to have been committed and at the time referred to in the indictment." (*People* v. *Visconti,* 31 Cal. App. 170 [160 Pac. 410, 411].) The court did, however, give the following: "One defense interposed by the defendant is known in law as an alibi, that is, that the defendant was at another place at the time of the commission of the alleged crime, all the evidence bearing upon the question of an alibi should be carefully considered by the jury and if, in view of all the evidence, the jury have a reasonable doubt as to whether the defendant was in some other place when the alleged crime was committed, they should give the defendant the benefit of such reasonable doubt by an acquittal."

[5] It will be observed that the instruction given and above set forth omitted language informing the jury that evidence of an alibi is sufficient to entitle a defendant to an acquittal if it raises in the minds of the jury a reasonable doubt as to the presence of the defendant at the time and place of the alleged crime. The given instruction is also claimed to be erroneous for the reason that the language used refers to "in some other place," when it should have been "at the scene of the crime," or language of similar import.

In the case of *People* v. *Visconti,* 31 Cal. App. 169 [160 Pac. 410], the case was reversed because of the refusal of the court to give a requested instruction upon the question of alibi, and no instruction was given upon that subject. A petition to have this case heard in the supreme court after judgment in the district court of appeal was denied by the supreme court in the following words:

"The Court: The application for a hearing in this court after decision by the district court of appeal of the second appellate district is denied. In denying the application we deem it proper to say that we are not to be understood as intimating that the refusal to give such an instruction

as was refused in this case would in all cases be deemed by us sufficient cause for reversal. Especially is this true in view of the provisions of section 4½ of article VI of the constitution. In denying the application for hearing in this court we assume that the district court of appeal concluded, in view of the circumstances of this particular case as shown by the record, that the refusal of the trial court to permit the requested instruction operated substantially to the prejudice of the defendant.''

The record shows that counsel for the defendant do not assign any errors as to the instructions except as to the one given and the one refused upon the question of an alibi. Upon all other subjects the instructions given were free from error. The supreme court, in denying a hearing in the case of *People* v. *Visconti, supra,* which was a case in which no instruction whatever was given upon the subject of an alibi, although such a request was made, stated: ''We are not to be understood . . . that the refusal to give such an instruction . . . would in all cases be deemed by us sufficient cause for reversal. Especially is this true in view of the provisions of section 4½ of article VI of the constitution.'' In the instant case, we believe, under section 4½ of article VI of the constitution, that the court did not commit prejudicial error in instructing the jury.

The learned counsel for the appellant, in closing their brief, state: ''We submit that the errors should be considered wholly irrespective of the provisions of section 4½ of article VI.''

We do not, of course, believe that counsel intended that this request should be taken literally. We assume that counsel meant by this that the errors committed during the trial were such that they cannot be cured under this provision of the constitution. After a most careful consideration of the record and the briefs of counsel and the law applicable to the case, we are irresistibly brought to the conclusion that, although certain errors were committed during the trial, these errors were not prejudicial to that extent as to require a reversal of the case and the granting of a new trial.

As stated, the evidence against the defendant was exceedingly strong. The accomplice, Meredith, related in

detail how and when the crime was committed by the defendant and himself. The defendant was positively identified by the witnesses Cottrell and Bonynge. The testimony introduced in behalf of the defendant to prove an alibi outside of the evidence of the defendant himself accounted for the defendant as being at his home in Chico up to a time between 11 o'clock P. M. and midnight. The evidence is undisputed that the crime was committed some time between 2 and 3 o'clock A. M. following, and that the scene of the crime was but a few miles from the home of the defendant. It is significant that the wife of the defendant, while on the stand, gave no testimony in support of an alibi other than that given by the other witnesses.

We find the following in California Jurisprudence, volume 8, section 382: "When the time of the alleged crime is narrowed to a particular hour, proof of alibi need not include the whole of the day when the alleged offense is claimed to have been committed, but is sufficient if it creates a reasonable doubt of defendant's presence at the commission of the offense. (*People* v. *Morris,* 3 Cal. App. 1 [84 Pac. 463].) In such case it has been said, the court, if requested, should confine the jury's consideration of the evidence to the hour, or about the hour fixed by the prosecuting witness."

The evidence of the prosecution narrowed to a particular time of the alleged crime as somewhere between 2 and 3 o'clock A. M. The testimony for the defense upon the subject of an alibi outside of the testimony of the defendant, accounted for him, as stated, up to the time between 11 o'clock P. M. and midnight prior to the commission of the alleged crime. As stated, the testimony of the prosecution was strong and convincing, while the testimony for the defense failed to raise a reasonable doubt in the minds of the jury as to the guilt of the defendant, as shown by their verdict.

Upon a review of the whole case, including the evidence, we are satisfied the defendant was fairly tried and justly convicted, and it is ordered that the judgment and order be, and they are hereby, affirmed.

Plummer, J., and Finch, P. J., concurred.