[Crim. No. 1362. Second Appellate District, Division One.—October 18, 1926.]

## THE PEOPLE, Respondent, v. JAMES BROOKS, Appellant.

[1] CRIMINAL LAW—ROBBERY—ALIBI—INSTRUCTIONS. — In a prosecution for robbery, it is not error for the trial court to refuse a requested instruction on the subject of alibi where the rights of defendant were sufficiently protected by other instructions given to the jury.

[2] ID.—INSTRUCTIONS—INDIVIDUAL OPINIONS OF JURORS.—The refusal of an instruction relating to the duty of each individual juror to vote according to his individual judgment is not, of itself, sufficient to justify a reversal, where other given instructions adequately advise the jury concerning its duty.

[3] ID.—APPEAL—SECTION 4½, ARTICLE VI, CONSTITUTION — ABSENCE OF MISCARRIAGE OF JUSTICE.—In such prosecution it is held on appeal that, under section 4½ of article VI of the constitution, there exists no legal ground for reversal of the judgment, and that, after an examination of the entire cause, including the evidence, the errors complained of, if any, have not resulted in a miscarriage of justice.

---

(1) 16 C. J., p. 1063, n. 85, p. 1066, n. 86.  (2) 16 C. J., p. 1028, n. 46, p. 1052, n. 89.  (3) 17 C. J., p. 368, n. 5.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles Burnell, Judge. Affirmed.

---

1. See 8 Cal. Jur. 314.
2. See 8 Cal. Jur. 374.

The facts are stated in the opinion of the court.

Cantillon & Hamilton for Appellant.

U. S. Webb, Attorney-General, and Charles A. Wetmore, Jr., Deputy Attorney-General, for Respondent.

YORK, J.—Appellant herein was convicted of the crime of robbery and prosecutes this appeal from a judgment of conviction, and order of the court denying motion for a new trial.

The appellant does not contend that the evidence is insufficient to sustain the verdict and judgment, but claims that the evidence was such that the errors complained of were more prejudicial than they ordinarily would be.

As to the refusal of the instruction requested in reference to weighing evidence of alibi testimony, the question is covered by at least three instructions given. The defendant was positively identified as being the negro on the car on the night of the robbery and being the negro who got off the car with the complaining witness and a white companion at Willowville, near Long Beach, a few minutes before the robbery. Although the complaining witness could not identify the defendant, yet the identification by the two witnesses who were on the car, of the defendant, at the same time when his mother and two other witnesses testified he was in Los Angeles at his own home, makes a sharp and positive conflict in the evidence, and the jury, to have convicted the defendant, must have found that his alibi witnesses were testifying falsely. The instruction refused was as follows: "The court instructs you that while the prosecution must establish beyond a reasonable doubt the guilt of the defendant, it is not incumbent upon the defendant to prove an alibi beyond a reasonable doubt. Though the evidence offered to establish an alibi falls short of the weight of moral certainty as to the existence of the alibi, yet if it leaves in the minds of the jurors such a doubt or uncertainty that, taken by itself, they could not find for or against the alibi, they are bound to carry such doubt into the case of the prosecution and to arrange it there as an element of reasonable doubt beyond which the prosecution must establish guilt. The defendant is entitled as much to the benefit of such

doubt as to any other doubt raised by the evidence, and if its weight alone, or added to that of any other, be sufficient to reduce belief in the minds of the jury as to the defendant's guilt to a reasonable doubt, you must acquit him.'' It will be noted that this instruction is incorrect at least in this, that it assumes an impossible condition, to wit, that the jury under the evidence ''could not find for or against the alibi.'' In legal contemplation, every issue of fact is the subject of a finding or determination, to be made in accordance with the rules of decision.

[1] The court instructed the jury that if they were not convinced beyond a reasonable doubt of the guilt of the defendant they should render a verdict of acquittal. The court also gave the following instruction to the jury: ''The court instructs you that to the information in this case the defendant has interposed his plea of 'not guilty,' which plea puts in issue every material allegation of the information and entitles the defendant to offer the defense known in the law as an 'alibi'—that is, that this defendant was not at the place where the crime charged is alleged to have been committed at the time of its alleged commission, but at another place.'' The court also instructed the jury ''that unless the identity of the defendant as the party or one of the parties participating in the offense charged in the information be proven beyond a reasonable doubt, you must find the defendant not guilty.'' They were fully instructed also as to reasonable doubt. Also, they were instructed, ''The court instructs you that the defendant, James Brooks, is the only person on trial before you for this alleged offense and that if you find from a consideration of all the evidence that it points as clearly to some other person or persons as having committed the crime in question as it does to the defendant, or if after a fair and full consideration of all the evidence the jury entertain a reasonable doubt as to whether the said defendant or some other person is the guilty party, then it is your duty to acquit this defendant.'' The jury were also instructed as follows: ''The court instructs you that if the evidence relating to any circumstances in this case is, in view of all the evidence, susceptible of two interpretations, one of which would point to the defendant's guilt and the other which would admit of his innocence, then it

is your duty, in considering such evidence, to adopt that interpretation which would admit the defendant's innocence and reject that which would point to his guilt.'' Assuming that the rejected instruction was correct—with the exception above stated—nevertheless we think that the rights of the defendant, concerning the subject matter of that instruction, were sufficiently covered and protected by the foregoing instructions given to the jury. (*People* v. *Hovermale,* 76 Cal. App. 91 [243 Pac. 878]; *People* v. *Derwin,* 78 Cal. App. 781 [248 Pac. 1020].)

As to the second and third specifications of error, the defendant does not apparently offer them seriously, unless the court should find that error was committed in failing to properly instruct on the question of alibi. As to the second specification of error, the instruction is practically in the form requested by the defendant; that is, it was requested by defendant and "allowed as modified,'' and the record does not show what part was modified, or what change was made. **[2]** As to the third specification of error, the rule is well established that the refusal of this instruction (relating to the duty of each individual juror to vote according to his individual judgment) would not, of itself, be sufficient to justify a reversal, where the other instructions adequately advise the jury concerning its duty. (*People* v. *Heath, ante,* p. 20 [248 Pac. 1027].)

**[3]** Under the authority of *People* v. *Hovermale,* 76 Cal. App. 91 [243 Pac. 878, 881, 882], *People* v. *Visconti,* 31 Cal. App. 169 [160 Pac. 410, 411], and *People* v. *Heath, supra,* and the inhibition contained in section 4½ of article VI of the constitution of this state, there exists no legal ground for reversal of the judgment. After an examination of the entire cause, including the evidence, the court is of the opinion that the errors complained of, if any errors there were, have not resulted in a miscarriage of justice.

Judgment and order affirmed.

Conrey, P. J., concurred.