[Crim. No. 1661. Second Appellate District, Division One.—August 6, 1928.]

THE PEOPLE, Respondent, v. LOUIS VASQUEZ et al., Appellants.

Cassius D. Blair for Appellant Vasquez.

J. R. Wilder for Appellant Morales.

Theodore C. McKenna for Appellant Melendez.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, Asa Keyes, District Attorney, and Hugh McIsaac, Deputy District Attorney, for Respondent.

HOUSER, J.—In the lower court each of the three defendants was charged in each of two counts in the information with the commission of the crime of robbery. On the trial each of the defendants was convicted on the first count; while as to the second count, defendant Melendez only was convicted. The appeals herein are from the several judgments and orders denying the motions for a new trial.

The defense consisted of considerable evidence which tended to establish an alibi. Prejudicial error is predicated upon the refusal by the court to give to the jury the following instruction requested by each of the defendants:

"When a person on trial for a crime shows that he was in another place at the time when the crime alleged was committed, he is said to prove an alibi. The defense interposed by the defendant in this case is what is known as an alibi, that is, that the defendant was in another place at the time of the commission of the crime. The court instructs the jury that such a defense is as proper and legitimate as any other and all the evidence bearing on that point should be carefully considered by the jury. If, in view of all the evidence, the jury have a reasonable doubt as to whether the defendant was in some other place when the crime was committed they should give him the benefit of that doubt and acquit him. As regards the defense of an alibi, the jury are instructed that the law does not require the defendant to prove that defense beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if his defense upon that point raises a reasonable doubt in your minds of his presence at the time and place of the commission of the crime charged."

450

As calculating in some measure to offset the failure of the trial court to instruct the jury with reference to the law relating to the alibi of the defendants, attention is directed to an instruction given to the jury to the effect that the burden rested with the prosecution to prove the guilt of the defendant beyond a reasonable doubt.

In the case of *People* v. *Fong Ah Sing*, 64 Cal. 253 [28 Pac. 233], the propriety of the giving of an instruction in substance such as was requested by the defendants herein is clearly indicated. Likewise, in the case of *People* v. *Wong Loung*, 159 Cal. 520, 534 [114 Pac. 829].

The case of *People* v. *Visconti*, 31 Cal. App. 169 [160 Pac. 410], is nearly an exact parallel to that of the instant case, in that therein the trial court gave a general instruction to the effect that before the defendant could be convicted, the jury must believe from the evidence, beyond a reasonable doubt, that the defendant committed the crime of which he was charged; but at the same time refused to give an instruction requested by defendant on the alibi presented by him, in substance as in the instant case, that he was not obliged to establish that defense by a preponderance of the evidence, or even beyond a reasonable doubt, but that it was sufficient to entitle him to a verdict of acquittal if the evidence raised in the minds of the members of the jury a reasonable doubt as to the presence of the defendant at the place where the crime was alleged to have been committed at the time referred to in the information. It was held that the action of the trial court in refusing the requested instruction constituted prejudicial error entitling the defendant to a reversal of the judgment. An application for hearing in the supreme court after decision by the district court of appeal was denied. However, the supreme court took occasion to state that, in view of the provision of section 4½ of article VI of the constitution, the refusal "in all cases" by the trial court to give such an instruction as was under consideration would not necessarily be deemed sufficient cause for reversal of the judgment; but that as to the case before the court, it would be assumed that the district court of appeal "concluded, in view of the circumstances of this particular case, as shown by the record, that the refusal of the trial court to permit the requested instruction operated substantially to the prejudice of the defendant."

The only discoverable authorities in this state which indicate a ruling which might be considered as contrary to, or which would cast a doubt upon that so positively announced in *People* v. *Visconti, supra,* are *People* v. *Winter,* 125 Cal. 325 [57 Pac. 1067], and *People* v. *Perrin,* 67 Cal. App. 612 [227 Pac. 924].

In the former case, while an instruction similar in some respects to the instruction refused herein was criticised, no ruling was made to the effect that the trial court would be justified in refusing to give a proper instruction covering the legal principles relating to an alibi, even though, as here, an instruction were given to the effect that the burden of proving the guilt of the defendant beyond a reasonable doubt rested with the prosecution; but in the latter case it was held that where the trial court instructed the jury that it was incumbent upon the prosecution to prove the allegations of the information beyond a reasonable doubt, and that if the jury believed from the evidence beyond a reasonable doubt that at the time and place specified in the information defendant knowingly and designedly committed the acts of which he was charged, it was not prejudicial error on the part of the trial court to refuse to instruct the jury with reference to the alibi defense of the defendant. As authority for such ruling the case of *People* v. *Buck,* 151 Cal. 667 [91 Pac. 529], is cited in the opinion of the court. An examination of that authority discloses the fact that the defendant therein was charged with the crime of murder, and that "his sole defense was insanity." One of the instructions requested by the defendant related to the credit which was properly attachable to the testimony of nonexperts as to the sanity of the defendant. The concluding clause of such requested instruction was as follows: "You are not to be bound by the statement or testimony of such witnesses, neither are you justified in disregarding them. It is your duty to give them such weight as they are entitled to." The trial court refused to give to the jury that part of the instruction just quoted. In ruling that such refusal was not error, the supreme court used the language quoted in the case of *People* v. *Perrin,* as follows: "No reason occurs to us why so mere a commonplace should not have been allowed to stand, but there seems as little reason why it should have been requested. It must be presumed that the

jury always understand that it is their duty to give to any evidence submitted to them the weight to which it seems entitled, and the refusal of the judge to make that comment on any particular item or line of evidence cannot be supposed to prejudice the party offering it."

In considering the force of such language as applied to facts like those in the instant case, it should be remembered that a considerable difference exists between the sufficiency of the evidence necessary to justify an acquittal in an insanity case and a case where the defense consists of evidence tending to establish an alibi. The authorities are agreed that where the defense of insanity is interposed it is incumbent upon the defendant to establish the fact by a preponderance of the evidence (8 Cal. Jur. 188); but when the evidence introduced by the defendant consists of an alibi he is not required to prove it beyond a reasonable doubt, nor even by a preponderance of the evidence. It is necessary only that all the evidence in the case raise a reasonable doubt in the minds of the members of the jury as to the presence of the defendant at the time when and the place where the crime was committed. (8 Cal. Jur. 187.) With so much in mind, the case of *People* v. *Perrin, supra,* is somewhat weakened as an authority in the instant case to the effect that the refusal of the trial court to give the requested instruction relating to the law applicable to the alibi of defendants did not amount to prejudicial error. It is manifest that a marked difference exists between the rule which requires the prosecution to prove beyond a reasonable doubt each of the material facts going to establish the guilt of the defendant, and the rule which entitles the defendant to an acquittal if by the evidence he succeeds in producing a reasonable doubt as to an essential fact. The one is necessarily a positive psychological condition which in its effect approaches a practical demonstration of a truth; while the other, although it may be said to be established, nevertheless, as compared with the former, is immeasurably weaker, and may be dependent upon a lesser, if not an unsettled and negative condition. It results in the instant case that because the jury was instructed that "if upon consideration of the whole case you are satisfied beyond a reasonable doubt of the guilt of the defendants, . . . you should so find, . . . ," was not the equivalent of instructing the jury,

as requested by the defendants, that if it had "a reasonable doubt as to whether or not the defendants were in some other place when the crime was committed, they should give him the benefit of that doubt and acquit him."

Especially as against the two defendants herein, Vasquez and Morales, the case as presented was so weak that it somewhat strains good judgment to declare that it was satisfactory in its sufficiency. As to defendant Melendez, while the case was much stronger, nevertheless the evidence was not of a character greatly to be desired either in quantity or quality. In such circumstances, it is not at all improbable that had the jury been fully and fairly instructed with reference to the law applicable to the alibi interposed by the defendants a verdict of guilty might not have been returned against them. To quote substantially the language appended by the supreme court to the opinion in the case of *People* v. *Visconti, supra,* this court concludes, "in view of the circumstances of this particular case, as shown by the record, that the refusal of the trial court to permit the requested instruction operated substantially to the prejudice of the defendants."

It becomes unnecessary to devote attention to other alleged errors occurring at the trial.

The judgment and the order denying the motion for a new trial as to each of the defendants are reversed.

Conrey, P. J., concurred.

York, J., dissented.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 4, 1928.

All the Justices present concurred.