[Crim. No. 1673. Second Appellate District, Division One.—September 11, 1928.]

THE PEOPLE, Respondent, v. JACK COHEN, Appellant.

C. B. Conlin and E. R. Simon for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was convicted of the crime of "possession of still," in that he did wilfully, etc., own and have in his possession a certain still worm and other described devices, designed, used, and intended to be used in the manufacture of intoxicating liquor for beverage purposes. He appeals from the judgment and from the order denying his motion for a new trial.

The information was filed against appellant jointly with one Tom Collins, who pleaded guilty and is not now before this court.

The points presented on behalf of appellant are: That the evidence is insufficient to sustain the verdict; that one of the instructions to the jury is erroneous; and that the court erred in refusing to give certain instructions requested by appellant.

We have examined the evidence as set forth in the record. It is sufficient to establish the facts charged in the information. The argument of counsel on this branch of the case relates chiefly to points on which the evidence is conflicting. All such argument is met by the familiar rule that on appeal this court will not undertake to weigh the evidence, as against the verdict of a jury or the findings of a trial court.

The instruction to which appellant objects had relation to the evidence of certain admissions of fact which were said to have been made by Collins in the presence of Cohen. The instruction informed the jury in effect that such admission was effective as an admission of those facts as to Collins only, and could be considered by the jury for only the one purpose of considering the attitude and conduct of the defendant Cohen at the time when such statement was made in his presence, if the jury should find that it was so made. The objection now made to the instruction is that the court failed to further instruct the jury that they should take into consideration the circumstances under which the defendant failed to reply to the accusatory statements made by Collins in his presence. It is not shown that at the time when the

instruction was given appellant asked for this addition to the instruction. On the contrary, it is admitted that the instruction was given pursuant to stipulation of counsel. Under these circumstances the defendant has no ground of complaint concerning this matter.

The defendant requested, and the court refused, to give the following instructions:

"You are instructed that it is not your duty to seek for a theory upon which you may convict the defendant, but on the contrary it is your duty as jurors to seek for a theory upon which you may acquit the defendant."

"You are instructed that unless the prosecution proves beyond a reasonable doubt to a moral certainty each and every material allegation in the information that it is your duty as jurors to acquit the defendant."

"You are instructed that suspicious circumstances are not in themselves sufficient to convict the defendant, and the chain is never stronger than its weakest link, and unless the chain of evidence is complete, by that it is meant that unless the evidence establishes the guilt of the defendant completely then you must acquit the defendant."

"You are instructed that this defendant is presumed to be innocent at all stages of the proceeding, and this presumption of innocence clothes the defendant at all stages of the proceeding, and goes with you jurors into the jury room and is there to be considered by you, together with all the other evidence in the case."

No authority is offered in support of the first of these refused instructions, and we think it was very properly refused. It is not the duty of a jury to "seek for a theory."

The other three were merely extensions, or particular statements, of the rules concerning reasonable doubt and the presumption of innocence. The court stated these rules by reading to the jury section 1096 of the Penal Code. Where this is done, no further instruction on the subject of presumption of innocence, or defining reasonable doubt, is required. (Pen. Code, sec. 1096a [added by Stats. 1927, p. 1039].)

Taking the instructions as a whole, and notwithstanding the refusal of the court to give the requested instructions to which we have referred, we are of the opinion that the rec-

ord contains no prejudicial error, and that there has been no miscarriage of justice in this case.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.