[Crim. No. 1800. Second Appellate District, Division One.—August 23, 1929.]

THE PEOPLE, Respondent, v. ALBERT WILSON, Appellant.

George A. Glover and Peter J. Youngdahl for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and John D. Richer for Respondent.

HOUSER, J.—From a judgment following his conviction on each of two counts in an information wherein he was charged with the commission of the crime of robbery, and from an order by which his motion for a new trial was denied, defendant has appealed to this court.

Although on the trial of the action defendant was identified by the sole victim in each of the robberies as the person who committed the crime, by the testimony of each of several apparently reputable witnesses it was made to appear that at the time when such robbery was committed defendant could not have been present thereat; in other words, disregarding any question of the credibility of such witnesses, a complete and perfect alibi for defendant was established by the evidence presented by him. After instructing the jury as to the duty of the prosecution to establish beyond a reasonable doubt "each and every material fact relevant to the issue" and that in meeting such evidence the defendant was only required to present sufficient evidence to raise in the minds of the jury a reasonable doubt as to the truth of any such material fact—the trial court gave to the jury the time-honored instruction set forth in section 1096 of the Penal Code (Stats. 1927, p. 1039), as follows:

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state

of the case, which, after the entire comparison and considera-
tion of all the evidence, leaves the minds of the jurors in
that condition that they cannot say they feel an abiding con-
viction, to a moral certainty, of the truth of the charge.' ''

The appeal herein is predicated upon the refusal of
the trial court to give to the jury certain instructions re-
quested by defendant which related to the law as applied to
the evidence affecting the alibi of defendant. Such re-
quested instructions were to the effect that if from the
evidence the jury believed ''that the defendant was not pres-
ent at the time it was alleged or proven that the crime was
committed, and therefore could not have committed the
crime charged in the information, and did not aid or abet
in its commission,'' the verdict should be ''not guilty.''
The reply of the respondent to such claim is that, since the
trial court fully instructed the jury with reference to the
doctrine of reasonable doubt, as well as to the bounden duty
of the prosecution to establish beyond a reasonable doubt
''each and every fact relevant to the issue,'' and since the
presence of defendant at the place where and at the time
when the robbery was committed was one of such necessary
or essential facts, it should follow that the point presented
by the requested instructions by defendant was fully cov-
ered by the instruction given, and, consequently, that the
trial court committed no error in refusing to give either
of the several instructions requested by defendant.

In each of the cases of *People* v. *Fong Ah Sing*, 64 Cal.
263 [28 Pac. 233], and *People* v. *Wong Loung*, 159 Cal.
520 [114 Pac. 829], the right of a defendant to have given
to the jury a special instruction of the nature of that here
under consideration is clearly recognized. The situation in
each of the cases of *People* v. *Visconti*, 31 Cal. App. 169
[160 Pac. 410], and *People* v. *Vasquez*, 93 Cal. App. 448
[269 Pac. 549], was nearly identical with that in the instant
case; and the ruling in each of such cases was that by the
refusal of the trial court to give the requested instruction
the defendant was prejudiced in his substantial rights. The
only authorities to which attention has been directed and
which might be considered as indicating a principle at
variance with the rule announced in the cases cited are dis-
tinguished in the case of *People* v. *Vasquez, supra.*

■ Notwithstanding the certainty of expression in the language of the Supreme Court and the District Court of Appeal to the effect that a defendant is entitled to a special instruction covering a defense of alibi, respondent particularly urges that by reason of the provision contained in section 1096a of the Penal Code (adopted in 1927), no error was committed by the trial court in refusing to give to the jury either of the instructions requested by defendant. The statute on which reliance is thus placed reads as follows:

"In charging a jury, the court may read to the jury section 1096 of this code, and no further instruction on the subject of the presumption of innocence or defining reasonable doubt need be given."

So far as is here material, it may be noted that, having given to the jury an instruction in the language of section 1096 of the Penal Code, the trial court is authorized to decline to give to the jury any "further instruction . . . defining reasonable doubt . . . " One of the instructions requested by defendant and refused by the trial court was as follows:

"You are instructed that if the defendant was at some other place at the time *of* it is alleged or proven that the crime was committed, it is what in law is called an alibi. When satisfactorily proven it is a good defense in law. Whether or not an alibi was proven and established to your satisfaction in this case, is a fact for you to decide from all the evidence introduced before you and if you believe that the defendant was not present at the time it was alleged or proven that the crime was committed, and therefore could not have committed the crime, charged in the information, and did not aid or abet in its commission, then you should find him not guilty."

Respondent refers to certain authorities, to wit: *People* v. *Lloyd,* 97 Cal. App. 664 [275 Pac. 1010], *People* v. *Cohen,* 94 Cal. App. 4 [270 Pac. 377], *People* v. *Knocke,* 94 Cal. App. 55 [270 Pac. 468], *People* v. *Leddy,* 95 Cal. App. 659 [273 Pac. 1010], *People* v. *Williams,* 96 Cal. App. 215 [273 Pac. 1087], as indicating a ruling to the effect that whenever an instruction embodying the rule of law as contained in section 1096 of the Penal Code is given to the jury no other instruction *relating* to the subject of reasonable doubt need be given to the jury. A consideration of the authorities just

cited discloses the fact that none of them is directly applicable to the situation here presented. They are either directed toward "the subject of the presumption of innocence," or to the *definition* of reasonable doubt, and each of them is readily distinguishable from the instructions requested herein by defendant. It is manifest that a vast difference might exist between an instruction by which reasonable doubt would be *defined* and one in which might be stated the law with reference to some fact from which the jury would be authorized to form a conclusion as to whether a reasonable doubt of the guilt of the defendant would follow. The language of the statute merely refers to the right of the trial court to refuse an offered instruction by which the doctrine of reasonable doubt is further *defined;* and has no application to an instruction covering a defense as shown by the evidence in the case from which reasonable doubt of the guilt of the defendant may be inferred. In other words, without infringing in any manner on the provision of the statute by attempting to further *define* reasonable doubt, a defendant would still have the right to direct attention to the evidence from a consideration of which a reasonable doubt of his guilt might be engendered. It is manifest that so far as an instruction to the jury covering the defense of alibi is concerned, the right of a defendant thereto is governed by the authorities to which reference has been had herein, and that such right is unaffected by the provisions of section 1096a of the Penal Code.

In the instant case, it appearing that by the refusal of the trial court to give to the jury the instructions relating to the claimed alibi of defendant he has been prejudiced in his substantial rights, it follows that the judgment and the order denying defendant's motion for a new trial should be reversed. It is so ordered.

Conrey, P. J., concurred.

YORK, J., Dissenting.—I dissent. I believe that the instructions refused were too involved to be given to the jury.