[Crim. No. 1683.   First Appellate District, Division Two.—October 27, 1932.]

## THE PEOPLE, Respondent, v. WILLIAM McCOY, Appellant.

Alfred J. Hennessy and William F. Herron for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, for Respondent.

SPENCE, J.—Defendant was tried and convicted of the crime of first degree robbery and from the judgment of conviction and the order denying his motion for a new trial, defendant has appealed.

The restaurant of the complaining witness was robbed on October 8, 1931. Two armed men entered and stated that it was a "stick-up" and thereupon the persons present were forced into a lavatory and locked in. The robbers broke open an ice-chest which had been kept under lock and took therefrom a bag and a lady's purse containing money belonging to the owner of the restaurant. In addition the purse contained some other articles such as rouge, lipstick, a bobby pin, a compact and a medal. The bag was stamped "Federal Reserve Bank of San Francisco C-1". Within a day or two after the robbery police entered the room of the defendant and there found a loaded revolver similar to the one used in the robbery and also the stolen articles other than the money which had been taken from the restaurant. The defendant was arrested and iden-

tified as one of the robbers by the proprietor, an employee and a patron of the restaurant. The evidence showed that one Bob Shiek, a friend of the defendant, was the other robber. Upon the trial defendant and his wife sought to explain the possession of all of the articles found in defendant's room by claiming ownership thereof and attempted to establish an alibi.

Appellant contends that the trial court erred in refusing to give the following proposed instruction: "You are instructed that if upon the evidence before you there exists in your minds a reasonable doubt as to whether the defendant was present at the time of the alleged robbery, your verdict must be that he is not guilty." Appellant appears to treat the proposed instruction as a properly framed instruction upon the subject of alibi and in support of his contention he cites and relies upon *People* v. *Wilson,* 100 Cal. App. 428 [280 Pac. 169]; *People* v. *Vasquez,* 93 Cal. App. 448 [269 Pac. 549, 551]; *People* v. *Wong Loung,* 159 Cal. 520 [114 Pac. 829]. We are not prepared to concede that said proposed instruction is either a full or accurate instruction on that subject, but in any event we are of the opinion that the refusal to give an instruction on the subject of alibi would not constitute reversible error in the present case. The language of the cases cited by appellant indicates that while it may be reversible error to refuse an instruction on alibi under certain circumstances, such refusal will not require a reversal under all circumstances. (See, also, *People* v. *Gourdin,* 108 Cal. App. 333 [291 Pac. 701]; *People* v. *Brooks,* 79 Cal. App. 519 [250 Pac. 211].)

In *People* v. *Wong Loung, supra,* the Supreme Court did not pass upon the question, saying on page 534: "As this case must be tried again because of errors heretofore discussed, we need not determine whether or not the court's failure to instruct on this subject of alibi is error requiring reversal of a case like the one at bar. Doubtless at the next trial the lower court will save all question on this matter by fully instructing the jury on the law respecting that defense."

In *People* v. *Vasquez, supra,* the cause was reversed because of the failure to give a proposed instruction on alibi, but the court points out that its conclusions are reached

"in view of the circumstances of this particular case". On page 453 of the opinion it is said: "Especially as against the two defendants herein Vasquez and Morales, the case as presented was so weak that it somewhat strains good judgment to declare that it was satisfactory in its sufficiency. As to defendant Melendez, while the case was much stronger, nevertheless the evidence was not of a character greatly to be desired either in quantity or quality."

The decision in the Vasquez case was based largely upon *People* v. *Visconti*, 31 Cal. App. 169 [160 Pac. 410, 411], in which case the assault occurred when "there was some light in the house—perhaps a lantern", but the complaining witness was not sure about that. She identified the defendant, but on the other hand defendant and two other witnesses gave testimony showing that he was some distance away when the crime was committed. In denying a hearing the Supreme Court said on page 172:

"In denying the application we deem it proper to say that we are not to be understood as intimating that the refusal to give such an instruction as was refused in this case would in all cases be deemed by us sufficient cause for reversal. Especially is this true in view of the provisions of section 4½ of article VI of the Constitution.

"In denying the application for hearing in this court we assume that the District Court of Appeal concluded, in view of the circumstances of this particular case as shown by the record, that the refusal of the trial court to permit the requested instruction operated substantially to the prejudice of the defendant."

In *People* v. *Wilson*, *supra*, a reversal was had upon the authority of the two cases last mentioned. The court there pointed out that "although on the trial of the action defendant was identified by the sole victim in each of the robberies as the person who committed the crime, by the testimony of each of several apparently reputable witnesses it was made to appear that at the time when such robbery was committed defendant could not have been present thereat".

As above stated, we are of the opinion that the error, if any, in refusing the above-quoted proposed instruction in the present case, does not require a reversal. The jury was fully and fairly instructed on reasonable doubt and the

proposed instruction appears to be no more than a slight amplification of that doctrine. In any event even if the instruction had fully and accurately embodied the law relating to alibi we do not believe that the failure to give it would be sufficient ground for a reversal of the judgment. Here the appellant was positively identified by three witnesses to the robbery. His alibi rested solely upon his own testimony and that of his wife. An examination of the entire cause, including the evidence, leads to the conclusion that there was abundant evidence satisfactorily showing the guilt of the appellant and that the error, if any, in refusing said instruction has not resulted in a miscarriage of justice.

Appellant further contends that the trial court erroneously charged the jury on the subject of possession of stolen property. Under this heading appellant complains that the instruction did not require that the possession be "personal and exclusive". He calls attention to the fact that the property was found on the premises occupied by appellant and his wife and states: "This was not an exclusive possession of the defendant and was therefore no evidence of his guilt." It may be conceded that it would be error under certain circumstances to fail to instruct a jury that the possession of stolen property by the accused must be personal and exclusive. Cases do arise where the stolen property is found in a place open to many persons, including the accused or on premises occupied jointly by the accused and persons other than his wife. In such cases possession by the accused may not be inferred solely from the fact that the accused had access to the stolen property. But here appellant and his wife admitted their possession of the property, denied that it was stolen, and each claimed ownership of some of the articles. Under these circumstances, failure of the trial court to instruct the jury that the possession must be personal and exclusive did not constitute prejudicial error.

Appellant further contends that the trial court erred in admitting certain evidence in the nature of accusatory statements made by the complaining witness and Officer Meyer in the presence of appellant. The complaining witness testified that she and her employee went to the Hall of Justice and there pointed to the appellant and said: "This

is the man." Whereupon appellant shook his head and replied: "Not me, lady." Officer Meyer testified that he had conversations with appellant. In appellant's room at the time of the arrest the officer said to the appellant: "You are wanted for the robbery of a restaurant at 23rd and Bryant Streets. What have you to say about it?" Appellant replied: "If I have anything to say it will be before a jury. I do not even know where the place is at." The officer further testified that at the Hall of Justice: "I asked him what he had to say about a robbery of the restaurant at 23rd and Bryant and he would not answer my question." There was further testimony regarding a conversation at the Hall of Justice between the complaining witness and the officers in the presence of appellant. At that conversation the complaining witness identified the articles recovered from appellant's room, claimed them as her own, and said that the little medal was missing. One of the officers said: "If you go to his room you will find that little medal on a table in that room." To these statements appellant said nothing. The complaining witness then accompanied the officers to appellant's room and found the medal on the table.

█ The rules regarding the admissibility of accusatory statements made in the presence of the accused are considered in *People* v. *Teshara,* 134 Cal. 542 [66 Pac. 798], and *People* v. *Ayhens,* 16 Cal. App. 618 [117 Pac. 789, 791]. It is there pointed out that "It is not the accusation but the conduct of the accused that is evidence in such cases and the only reason for admitting the accusation is to explain the conduct." Such conduct may consist of statements of the accused in reply or silence on the part of the accused in the face of statements indicating guilt. In other words, if it may be fairly said that the conduct of the accused is not the conduct of an innocent man under the circumstances, then the evidence is admissible.

█ Under the foregoing rules, evidence was inadmissible to show that when appellant was pointed out as "the man", he denied the implied accusation. His prompt, full and unequivocal denial negatived any admission on the part of appellant by his conduct. █ On the other hand, evidence of the silence of appellant when he was asked what

he had to say about the robbery, evidence of his silence when the complaining witness claimed the articles found in his room and when the officer said that the missing medal was on the table in appellant's room, was properly admitted. ▮ Furthermore, we are of the opinion that evidence was admissible to show that upon being told at his room that he was wanted for the robbery of the restaurant in question, he said no more than "If I have anything to say it will be before a jury. I do not even know where the. place is at." This is more particularly true because there was evidence to show that he did know of the restaurant and had visited it prior to the robbery.

▮ We have said that evidence of the incident when appellant was identified and made his denial was inadmissible. It should have been stricken out on motion, but no such motion was made. In fact it is doubtful whether timely objection was made to all of the evidence concerning that incident. But assuming that timely objection had been made and that a motion to strike had followed, we are nevertheless of the opinion that adverse rulings on the objection and motion would not have been prejudicial to appellant. The so-called accusatory statement in that ins'ance consisted only of an identification of appellant "as the man" and he promptly denied that he was. The complaining witness who related that incident upon the trial had also testified under oath upon the trial that appellant was "the man" and he was further identified by the testimony of one of the employees and one of the patrons. It follows that the admission of the evidence showing that on an occasion prior to the trial appellant had been identified by two of said witnesses and promptly denied the implied accusation was entirely harmless.

The record discloses that the alleged errors complained of are entirely insufficient to warrant a reversal in the light of the provision of section 4½ of article VI of the Constitution.

The judgment and order denying a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 10, 1932, and an

application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 21, 1932.