[Crim. No. 3123. Second Appellate District, Division One.—July 25, 1938.]

THE PEOPLE, Respondent, v. FRANK J. MILLER, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General and John O. Palstine, Deputy Attorney-General, for Respondent.

YORK, J.—On January 18, 1938, appellant was charged by an information containing two counts with the violation of sections 288 and 288a of the Penal Code. The jury before which appellant was tried returned its verdict of guilty as to each of said counts. Appellant appeals from the judgments entered pursuant to said verdict of the jury, from the order by which his motion for a new trial was denied, and also attempts to appeal from the sentence.

Appellant here contends that "the testimony of the prosecutrix is so inherently improbable as to form the basis of a conviction"; that the court erroneously ruled on the admission and exclusion of evidence, and erred in refusing to give certain instructions to the jury.

From the record it appears that a few days before Christmas, 1937, the complaining witness, a girl of the age of nine years, while on the beach at Venice, was accosted by appellant who was driving an automobile, and asked her where

Windward Street was. When she attempted to point out the way, appellant told her to get into his car which she did. He then drove past the witness's home and she told him to stop, but he merely said he would in just a minute. He then drove her into the Del Rey hills, a few miles from Venice, and while on the way there and after their arrival, the acts complained of occurred, in violation of sections 288 and 288a of the Penal Code.

Appellant was virtually caught in the act by the arresting officers, and the mere fact that there may be minor inconsistencies in the story of the prosecutrix does not render her testimony inherently improbable, when viewed in the light of the testimony of said officers. The record shows a complete demonstration of guilt on the part of appellant.

In connection with his second point, appellant urges error on the part of the trial court in sustaining the objection of the People to questions asked by appellant's counsel of one of the arresting officers in regard to conversations between said officer and appellant at times subsequent to the arrest. When the complaining witness made the accusations against appellant to the arresting officers, appellant remained silent. Clearly the fact that at a subsequent time he did deny the accusatory statements would not in any degree offer an explanation of the reason for his failure to deny at the previous time. (*People* v. *Brown*, 59 Cal. 345, 356; *People* v. *McCoy*, 127 Cal. App. 195 [15 Pac. (2d) 543].) The testimony which appellant sought to elicit from the arresting officer would not serve in any way to explain his previous conduct when first faced with the accusation of the prosecutrix.

The circumstances of appellant's arrest afford abundant corroboration of the testimony of the prosecutrix, and therefore the court properly refused to give certain cautionary instructions requested by appellant.

The judgments and order appealed from are affirmed; the attempted appeal from the sentence is dismissed.

Doran, J., concurred.

White, J., deeming himself disqualified, did not participate in this decision.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1938.