[Crim. No. 1561. First Appellate District, Division Two.—July 16, 1930.]

THE PEOPLE, Respondent, v. LESLIE D. SUMMERS et al., Appellants.

Lloyd E. Sampsell and Ethan A. McNab, *in pro. per.*, for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendants were jointly tried on an indictment charging robbery. A verdict of guilty was returned against each defendant, and from the judgments

on the verdicts, and from the orders denying their motions for new trial, both defendants have appealed on the same typewritten record.

On April 17, 1929, the College Avenue Branch of the Oakland Bank was robbed of the sum of $10,133 by two men each of whom carried pistols which they displayed at the time. On June 14th of the same year the Dwight Way Branch of the Bank of America situated in the city of Berkeley was robbed under similar circumstances. Soon thereafter the defendants were arrested in an apartment in San Francsico, where a large part of the fruits of the second robbery was found. Immediately following their arrest the defendants were viewed in the city prisons of San Francisco, Berkeley and Oakland by a large number of persons who were either employees of these two banks or persons present at and witnesses of one of the robberies. The defendants were tried and convicted of the robbery of the Berkeley Bank and their convictions were sustained in *People* v. *Sampsell et al.*, 104 Cal. App. 431 [286 Pac. 434]. As a result of that conviction, and of two prior convictions, the defendants have been confined in the state penitentiary at Folsom whence they prosecute this appeal *in propria personae*.

It would serve no purpose to outline the facts of the case. That a robbery was committed is not disputed. The appellants merely urge that the evidence identifying them as the perpetrators is insufficient. Great stress is laid on the circumstances under which the various witnesses were led to identify the appellants and the charge is freely made that the police officers and the district attorney unduly influenced these witnesses in making their identification. We are not inclined to review the testimony of these witnesses in the manner urged by appellants, but we are content to say that we have read their testimony with the utmost care in view of the lack of representation of the appellants on this appeal and that the positive identification by at least six of these witnesses is sufficient to sustain the issue.

The appellants argue with much stress that they were deprived of a fair and impartial trial by the ignorance and incompetence of the attorney who represented them. Numerous instances are cited during the course of the trial where their counsel failed to object to questions asked wit-

nesses or to statements made by the district attorney. Instances are also cited where harmful testimony was received either through the stipulation of their counsel or through his failure to make objection. Our examination of the record discloses nothing more than that the case might have been tried differently and that some objections might have been made—an observation which may be made in any case when viewed upon the cold transcript months after the day of trial. But in this case the evidence of appellants' guilt was so convincing that we are unable to point to any instance where the conduct of their counsel resulted in prejudice to them, but, on the contrary, our examination of the record satisfied us that they were accorded a fair and impartial trial.

Criticism is made of the conduct of the assistant district attorney in his examination of witnesses and in his argument to the jury. Notwithstanding the fact that most of these criticisms would not be urged by counsel versed in judicial practice, we have examined each in the light of their presentation. We find no error. The criticisms may be readily divided into three classes—those not constituting misconduct; those which the trial court deemed misconduct and instructed the jury accordingly, and those to which no objection or request for instruction was made.

It is argued that the indictment upon which appellants were tried charges larceny only and is therefore insufficient to support a verdict of robbery. The indictment is in the short form prescribed by section 951 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1043). It charges that "on or about the 17th day of April, 1929, . . . they *robbed* J. H. Brown, etc." Indictments similar in form have been approved in *People* v. *Fallai,* 99 Cal. App. 297 [278 Pac. 449], and *People* v. *Sampsell et al.,* 104 Cal. App. 431 [286 Pac. 434].

We find no prejudicial error in the record; that appellants were accorded a fair and impartial trial, and that they were convicted upon sufficient and convincing evidence.

The judgment and orders appealed from are affirmed.

Sturtevant, J., concurred.

Spence, J., deeming himself disqualified, did not participate.