[Crim. No. 1999. Second Appellate District, Division One. — September 17, 1930.]

THE PEOPLE, Respondent, v. GEORGE GOURDIN, Appellant.

Roberts & Roberts for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

334

CONREY, P. J.—Defendant Gourdin, together with one Farrell, was accused of the crime of robbery. Both were convicted on each of the two counts of the information. The court granted to Gourdin a new trial on the second count, and denied his motion for a new trial on the first count. From the judgment and order, relating to the first count, Gourdin appeals.

The witness Payne, who was robbed, clearly and positively identified Gourdin as the man who took his money and watch. There is no contradictory testimony, except that Farrell testified that Gourdin was not with him during certain hours of the night which included the time of the robbery.

The chief complaint of appellant now is that, as he alleged in his affidavit on motion for new trial, his attorney at the trial (who is not the attorney on this appeal) was drunk and that by reason of drunkenness he did not protect the rights of his client; especially, that said attorney refused to allow appellant to produce evidence which would have proved that at the time of the robbery he was present at a place far distant from the place where the crime was committed.

On the face of the record, the cross-examinations conducted by appellant's attorney, and the instructions requested by him, indicate that the attorney was giving intelligent attention to the trial. The mere statement by affidavit of appellant that his attorney was "drunk," and "had been drinking", is far from being either conclusive or convincing. The trial judge, having observed the conduct of all persons at the trial, presumably decided that there was no merit in appellant's contention in relation to this point. We find no error in such decision.

The only other assignment of error which seems to require comment arises out of the court's refusal to give to the jury the following instruction: "You are instructed that in order to find the defendant George Gourdin guilty of the crime of robbery you must find that he was actually present at the time and place alleged in the information charging him with the crime of robbery, and he must be identified by the person claiming to have been robbed or some other persons actually on the scene at the time of the alleged robbery, and the identification must be certain and

definite, and if you find that the identification is not certain and definite you must acquit the defendant.''

■ Where the defense of alibi has been presented, and a proper instruction in relation thereto has been requested, the instruction should be given. And the giving of an instruction in the terms of section 1096 of the Penal Code is not sufficient to excuse the refusal of such request concerning the attempted defense of ''alibi''. (*People* v. *Wilson*, 100 Cal. App. 428 [280 Pac. 169].) But the refusal of an instruction of this kind, even when offered in correct terms, is not to be deemed in all cases sufficient cause for reversal. (Comment by Supreme Court in *People* v. *Visconti*, 31 Cal. App. 169, at p. 172 [160 Pac. 410, 411].)

■ In the instant case, the instruction requested by defendant was not supported by evidence showing the presence of appellant at another place than that where the crime was committed at the time in question. And the instruction itself is not without fault. It would not be in accordance with law to declare that the defendant must not be convicted unless he has been identified ''by the person claiming to have been robbed or by some other person actually on the scene at the time of the alleged robbery''. The proof whereby a defendant in an action of this kind may be identified is not thus limited. In addition it is próper to say that the evidence of appellant's identity with the guilty robber is so definite and clear that there does not appear to have been any miscarriage of justice in the verdict rendered.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 29, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 16, 1930.