[Crim. No. 2184.   First Dist., Div. One.   Oct. 22, 1941.]

THE PEOPLE, Respondent, v. SALVATORE ZUCCARO, Appellant.

Raine Ewell for Appellant.

Earl Warren, Attorney General, and David K. Lener and Dennis Hession, Deputies Attorney General, for Respondent.

WARD, J.—Appellant was convicted of a felony, to-wit, violation of section 288 of the Penal Code, and, under a second count, with a misdemeanor, violation of section 702 of the Welfare and Institutions Code.

The facts are as follows: On the afternoon of September 1, 1940, while the mother of the child complainant was in Sacramento on a visit, her husband, appellant herein, stepfather of the child, clad only in a bathrobe over his undershirt, placed the child upon a bed, and, after removing her under garments, committed several of the acts denounced and penalized by the above sections of the Penal and the Welfare and Institutions Codes. The little girl testified to the commission of such acts and to her resistance. Appellant was unsuccessful in his obvious purpose.

At the outset it may be well to state that the present attorney for appellant technically neglected to afford his client adequate protection on appeal. The "statement of grounds of appeal" sets forth that appellant relies upon all the evidence in the case, statements, rulings, orders and in-

structions of the court, the report of the probation officer, etc.; it then requests the transcription of the record, but fails to specify "the grounds of the appeal and the points upon which the appellant relies." (Rule II, sec. 7 of Rules for the Supreme Court and District Courts of Appeal.) Irrespective of such failure, the gravity of the alleged offense, when considered in connection with the main contention on appeal, induces us to give consideration to the appeal.

It is claimed that there was a failure to swear the complaining witness duly or at all. The record shows that "the witness was duly sworn," and the transcript of evidence discloses that she had a definite recollection of the episode in question and the ability correctly to relate names, dates and details connected therewith. The record further shows that at the time of the trial she was eleven years old, and in a grade in the public school commonly reached at that age; that she attended Sunday school and knew that she should "not bear false witness against" her neighbor, and that she would be "punished if she did not tell the truth."

■ Appellant contends that the deputy public defender was derelict in failing to inquire of a child witness called in his behalf whether she was not in the presence of the complainant "all of the time" on the date mentioned, and whether any offense had been committed by appellant. This witness testified that on the afternoon in question, she had played with the complaining witness in the latter's room; that appellant was "around . . . dressed in his clothes." While this testimony was favorable to appellant, further examination might have injured rather than benefited his cause.

■ The principal contention on appeal is that the court erred in denying appellant's motion for a new trial. The argument thereon is primarily based on the claim that the deputy public defender waived certain rights of his client which resulted in a denial of the latter's privilege of representation by counsel, in violation of his constitutional right.

In an affidavit signed by appellant it is averred that the public defender waived the former's right to cross-examination of witnesses; failed and refused to call for certain testimony requested by appellant; failed to challenge any juror for cause or peremptorily; agreed, without appellant's consent, to a trial behind closed doors; failed to object to leading questions or to move to strike out conclusions of witnesses;

failed to subpoena witnesses; failed to make an argument to the jury; neglected to submit instructions or to advise appellant of his right to written instructions. The deputy public defender countered with an affidavit denying certain allegations specifically, others generally, and averred that the attorney who prepared the affidavit for appellant was not present at the trial and that he "makes a practice of submitting this type of false affidavit to embarrass the Court and to thwart the proper administration of justice." While this affidavit is not as specific as desirable, it is legally sufficient when considered in conjunction with the reporter's transcript.

In the absence of some definite statement of facts tending to show injury to the appellant beyond the mere return of a verdict against him, we are unable to determine the merit of his general contention that the failure of the public defender to challenge jurors, etc. was or was not in the exercise of good judgment. The failure to cross-examine certain witnesses also may or may not have been the use of good judgment in the protection of appellant's rights. In this respect, the record does not disclose injury to him. Other matters complained of, and the denial thereof, speak for themselves.

█ The failure to attempt to subpoena a witness is a serious charge. There is a direct allegation in appellant's affidavit that "the present wife of the father of [appellant's] stepson" was a material witness for appellant and that she was "at the house of affiant" on the date of the commission of the alleged offense, and that affiant had so advised his attorney. This allegation is denied by the deputy public defender "*in toto.*" There is no affidavit by such proposed witness that she was present at the time or that she could have testified to any material fact to the benefit of appellant. Nine witnesses were called and examined by the deputy public defender on behalf of his client. These witnesses testified to appellant's good character, to specific offenses charged and to the physical condition of the complainant. The reporter's transcript does not disclose a neglect to protect appellant's rights. On the contrary it appears that he received a fair trial upon the issues involved. Unless contrary to the record, a reviewing court must rely upon the conclusions reached by the trial judge on the hearing of a motion for a new trial.

The instructions when read as a whole sufficiently informed the jury of the offense charged and adequately protected appellant's rights. In the absence of proof of injury, the remaining points raised by reason of appellant's failure to challenge jurors, etc. must be classified as without merit.

The judgment and the order denying appellant's motion for a new trial are affirmed.

Peters, P. J., and Knight, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 17, 1941.