**BROWN et al. v. JOHNSTON.**

No. 9908.

Circuit Court of Appeals, Ninth Circuit.

March 26, 1942.

Royce R. Brown and Tom C. Moffitt, in pro. per. for appellants.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Northern District of Texas (hereafter called the Texas court), appellants, Royce R. Brown and Tom C. Moffitt, were indicted for violating § 1 of the Act of June 22, 1932, c. 271, 47 Stat. 326, as amended by the Act of May 18, 1934, c. 301, 48 Stat. 781, 18 U.S.C.A. §

408a.[1] Appellants were arraigned, pleaded not guilty, were tried and convicted and, on February 25, 1937, were sentenced to be imprisoned for 25 years.

The United States penitentiary at Alcatraz, California, was designated as the place of appellants' confinement. While there confined and serving their sentences, appellants petitioned the District Court of the United States for the Northern District of California (hereafter called the California court) for writs of habeas corpus. The writs were issued and served on appellee, James A. Johnston, warden of the penitentiary. Appellee made return of the writs and brought the bodies of appellants before the California court. A hearing was had, evidence was taken, findings of fact and conclusions of law were made and filed, and judgment was entered discharging the writs. From that judgment this appeal is prosecuted.

In substance, appellants' petition stated that, in the Texas court, they (1) were denied (a) the right to be informed of the nature and cause of the accusation against them, (b) the right to have compulsory process for obtaining witnesses in their favor and (c) the right to have the assistance of counsel for their defense; (2) were convicted by the use of perjured testimony; and (3) were denied (a) the right to appeal and (b) the right to have the assistance of counsel in perfecting an appeal.

■ The California court did not find that appellants were denied the right to be informed of the nature and cause of the accusation against them, but found instead that they were arraigned and that the indictment was read to them in open court, thus, in effect, finding that appellants were not denied the right to be informed of the nature and cause of the accusation against them. This finding is amply supported by evidence and will not be disturbed.

■ Appellants say that a copy of the indictment and a list of the jurors and of the Government's witnesses should have been, but were not, delivered to appellants at least two days before the trial, citing § 1033 of the Revised Statutes, 18 U.S.C.A. § 562[2]; and they argue that the failure to deliver such a copy and list constituted a denial of their right to be informed of the nature and cause of the accusation against them. The argument confuses two distinct rights—(1) the constitutional right of every accused person to be informed of the nature and cause of the accusation against him and (2) the statutory right created by § 1033. The statutory right extends only to persons accused of capital offenses. Appellants were not so accused; for, admittedly, the kidnaped person whom they transported in interstate commerce was liberated unharmed before they were indicted. Such a case is not capital. United States v. Parker, 3 Cir., 103 F.2d 857, 861.

The California court did not find that appellants were denied the right to have compulsory process for obtaining witnesses in their favor or the right to have the assistance of counsel for their defense, but found instead that they were not denied either of said rights; that appellants never requested compulsory process for obtaining witnesses in their favor; that, at the time of their arraignment, the Texas court appointed counsel for appellants; and that said counsel conferred with appellants and ably represented them. These findings are amply supported by evidence and will not be disturbed.

■ The California court did not find, nor did the evidence warrant a finding, that appellants were convicted by the use of perjured testimony, or that they were denied the right to appeal or the right to have the assistance of counsel in perfecting an appeal. No appeal was taken from the

---

1 "Whoever shall knowingly transport * * * in interstate * * * commerce, any person who shall have been * * * kidnaped, * * * shall, upon conviction, be punished (1) by death if the verdict of the jury shall so recommend, provided that the sentence of death shall not be imposed by the court if, prior to its imposition, the kidnaped person has been liberated unharmed, or (2) if the death penalty shall not apply nor be imposed the convicted person shall be punished by imprisonment in the penitentiary for such term of years as the court in its discretion shall determine: * * *"

2 "When any person is indicted of treason, a copy of the indictment and a list of the jury, and of the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each juror and witness, shall be delivered to him at least three entire days before he is tried for the same. When any person is indicted of any other capital offense, such copy of the indictment and list of the jurors and witnesses shall be delivered to him at least two entire days before the trial."

Texas court's judgment, nor was that court requested to appoint counsel to assist appellants in perfecting an appeal. Failure to appoint such counsel, even if requested, would not have deprived appellants of any constitutional right. Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, 707; Osborne v. Johnston, 9 Cir., 120 F.2d 947, 949.

Judgment affirmed.