[Crim. No. 3037.   First Dist. Div. One.   Oct. 26, 1954.]

THE PEOPLE, Respondent, v. JACK MARTIN, Appellant.

Jack Martin, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—In support of his appeal from a judgment entered upon conviction of second degree burglary, with three priors, defendant Jack Martin urges a number of points.

He says there was no sworn complaint and no preliminary hearing. Counsel for the state says there were. The record is silent. In such a case there is a presumption that the information was regularly issued, hence was preceded by a sworn complaint and a preliminary hearing. Moreover, this is a point which a defendant is precluded from making except by timely motion to set the information aside, as provided in section 996 of the Penal Code. (*In re Razutis*, 35 Cal.2d 532, 534 [219 P.2d 15] and cases there cited.) It comes too late now.

Defendant assigns error because his trial did not start within the 60-day period prescribed by section 1382 of the Penal Code. But the clerk's transcript shows that on the very day the information was filed (December 24, 1953) defendant appeared in court and personally waived "his statutory time to an early trial date." Thereupon, the court set the trial for March 9, 1954, at which time it in fact commenced and then proceeded, without objection upon the part of the defendant. He is in no position now to object.

He assigns error because the information charged "burglary," not "second degree burglary," and thus did not inform him of the true nature of the charge; also that, under such a charge, it was error for the court to instruct the jury

that if burglary was committed it was second degree burglary. Neither point is well taken. ■ An allegation of "burglary" includes burglary of whatever degree. (*People* v. *Collins*, 117 Cal.App.2d 175, 181 [255 P.2d 59].) ■ The instruction was proper because the evidence, at the most, would support but second degree burglary. The place entered was not an inhabited dwelling house. No participant was armed with a deadly weapon. No assault was committed upon any person. (See Pen. Code, § 460.)

■ Defendant erroneously claims that the corpus delicti was not proven. The owner of a liquor store testified that his store was broken into and liquor taken therefrom. (See 14 Cal.Jur.2d 183-184, § 4.)

■ Two persons, indicted with defendant, pleaded guilty and testified that defendant participated by waiting outside in a car while they entered and brought the liquor to the car. Defendant claims there was no corroboration. Upon the contrary, one police officer identified defendant as being in the car outside the liquor store. Also, two persons who did not participate in the burglary (although they later aided in an attempt to sell the stolen liquor), hence were not accomplices in the burglary of the store, testified that defendant told them that he was outside the store when the police officer drove up. Defendant made the same admission to a deputy sheriff.

■ As driver of the car which was used in the burglary, defendant was as responsible and culpable as those who entered the store and removed the liquor. (Pen. Code, § 31; *People* v. *Grischott*, 107 Cal.App.2d 631 [237 P.2d 712]; *People* v. *Bonilla*, 124 Cal.App. 212 [12 P.2d 64].)

■ He directs attention to inconsistencies in the testimony of some of the witnesses. That was a matter for determination, in the first instance, by the jury as the triers of the fact, the weighers of the evidence and the appraisers of the credibility of witnesses. There are no such inconsistencies as would leave the verdict without ample support in the evidence; no basis for believing that the balance of their testimony was inherently unbelievable; no ground for a reviewing court to reverse the judgment.

■ Defendant asserts that some of the witnesses against him perjured themselves. That question is not before us because it is not presented by the record. (*People* v. *Bailey*, 105 Cal.App.2d 150 [232 P.2d 518]; *People* v. *Collins*, 117 Cal. App.2d 175 [255 P.2d 59].) Moreover, the testimony of other

witnesses, not thus challenged by defendant, was sufficient to convict him.

Defendant assigns as error the trial court's refusal to permit him to take the witness stand in surrebuttal in response to the testimony of one of the People's witnesses who had testified in rebuttal concerning defendant's whereabouts on the night in question. The court's refusal was based upon the fact that defendant "covered that originally" and the People's "witness was called in response to what he already testified to." We find no error in that ruling. Defendant made no offer of proof and it does not appear that he could have added anything to his previous testimony on the subject.

Defendant urges reversal for asserted stupidity and blundering in the conduct of the defense during the trial. The record does not support any such contention. At most, some leading questions could have been objected to and cross-examination of some of the People's witnesses could have been more extensive. But, as said in *People* v. *Summers,* 107 Cal. App. 250, 252 [290 P. 464] : "Our examination of the record discloses nothing more than that the case might have been tried differently and that some objections might have been made—an observation which may be made in any case when viewed upon the cold transcript months after the day of trial. But in this case the evidence of appellants' guilt was so convincing that we are unable to point to any instance where the conduct of their counsel resulted in prejudice to them, but, on the contrary, our examination of the record satisfied us that they were accorded a fair and impartial trial."

Defendant asks that his three prior convictions be set aside and the judgment herein modified to eliminate all reference to them. Two of the prior judgments were rendered in 1945; one in 1950. He says he took no appeals; was prevented from doing so by the asserted unlawful conduct of law enforcement officers. Such questions are not available for consideration upon this appeal from the judgment rendered in an entirely separate and independent action concerning a separate and distinct offense, coming to us upon its own record which does not and could not present any such questions concerning the prior convictions. We would add that none of these questions were presented to the trial court. The information charged the prior convictions and defendant expressly admitted them at the time that he pleaded not guilty. We wish to make it clear, also, that the judgment now under

appeal does not operate in any way as punishment for any of defendant's prior offenses. It is, merely, that the minimum period of punishment for the last offense, second degree burglary, is augmented because committed by a person previously three times convicted of committing felonies.

Finally, defendant objects to that portion of the judgment which directs that his sentence in the instant case shall run "consecutively" in relation "to any prior incompleted sentence." This was clearly within the province of the trial judge to provide. (Pen. Code, § 669.) It appears that defendant was on parole in respect to one or more of the prior confinements. In such a case there is no termination of sentence. It continues to run. Also, it is possible that the parole may be revoked. Besides, even if defendant's views were correct (that he had served his prior sentences) no harm would have resulted. The judgment herein does not undertake to declare which, if any, of the prior sentences have yet to run. It speaks merely of "any prior incompleted sentence." If none were incomplete when this judgment was rendered, his sentence thereunder would start immediately.

The judgment appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 24, 1954.