[Crim. No. 5390.   Second Dist., Div. Three.   Nov. 29, 1955.]

THE PEOPLE, Respondent, v. ISAAC LOGAN et al.,
Appellants.

Isaac Logan and Billy Eugene Wagner, in pro. per., for Appellants.

No appearance for Respondent.

SHINN, P. J.—Upon request for appointment of counsel on the present appeal the court referred the matter to the Los Angeles Bar Association Committee on Criminal Appeals for a report to the court as to possible merit in the appeal. The matter was assigned to two members of the committee who have made written report to the court stating that the record had been examined and that in the opinion of the attorneys it disclosed no meritorious ground of appeal. Defendants were duly so advised and their time to file a brief was substantially extended. No brief has been filed. Such has been the practice of this court for several years. The services of the committee have been willingly rendered and have been of distinct value to the court.

Appointment of counsel to represent indigent appellants is not a matter of right as a part of due process. It

is discretionary with the court whether counsel should be appointed and a request for appointment should be denied if it clearly appears from the record that the appeal or other matter before the court is devoid of merit. (*State* v. *Sorrentino*, 36 Wyo. 111 [253 P. 14]; *McCue* v. *Commonwealth*, 103 Va. 870 [49 S.E. 623]; *Haywood* v. *United States*, 268 F. 795; *Applebaum* v. *United States*, 274 F. 43; *Reetz* v. *Michigan*, 188 U.S. 505 [23 S.Ct. 390, 47 L.Ed. 563]; *Errington* v. *Hudspeth*, 110 F.2d 384; *Moore* v. *Aderhold*, 108 F.2d 729; *De Maurez* v. *Swope*, 104 F.2d 758; *Gargano* v. *United States*, 137 F.2d 944; *Brown* v. *Johnston*, 126 F.2d 727; *Lovvorn* v. *Johnston*, 118 F.2d 704, 707.) There is no statutory enactment which requires that counsel be appointed. Whenever the record discloses a question of error in the trial or other proceeding which counsel could in good conscience urge in behalf of the client an appointment has been made. Where counsel have not been appointed the court has made an independent study of the record. We have done so in the present case.

The appellants, Isaac Logan and Billy Eugene Wagner, were convicted of two offenses, namely, conspiracy to violate section 11714 of the Health and Safety Code (furnishing or selling a narcotic to a minor), and in a second count a violation of the same section. It was alleged in the information that the defendants committed certain overt acts in furtherance of the conspiracy, and that they feloniously sold marijuana to Lloyd Arthur Epperly. Logan was accused of and admitted a prior felony conviction. This is an appeal from the judgments and from orders denying motions for a new trial.

Lloyd Epperly testified that he was 17 years old; he received marijuana from Wagner on September 20, 1954, in exchange for $15 previously paid, and that at the time Wagner gave it to him, the defendant Logan was also present. According to the testimony of Epperly and one George Chosner, Epperly had approached defendants two days earlier, and had asked Wagner to obtain some marijuana for him, stating that a friend of his wanted it. Defendant Logan was present while Epperly talked with Wagner. Later that evening both defendants, together with Epperly and Chosner made an unsuccessful trip from Long Beach to Los Angeles where they endeavored to buy some marijuana. They freely discussed its purchase while on this trip. Before going to Los Angeles, the four had stopped at a place known as "The Hutch,"

where Chosner obtained $15 from one ''Tiny'' Atkins, for whom the narcotic was to be purchased. The next day Epperly and Chosner together with defendant Logan again drove around to make a purchase, making one or two stops where they made unsuccessful attempts to purchase. Finally they stopped at a grocery store, Logan took the $15 from Chosner and gave it to an unidentified person working in back of the store. Logan told Epperly to get the marijuana at Wagner's house the next evening. The next evening defendant Wagner delivered a brown paper bag containing marijuana to Epperly, who drove to a meeting place in an alley in Long Beach where he handed the bag to Chosner, who in turn gave it to ''Tiny'' Atkins. Detective Good testified that he had observed the transaction through a crack in a fence and seized the package from Atkins. He recognized Epperly, who was later apprehended. At the trial the contents of the bag were identified by an expert as Indian Hemp, commonly referred to as marijuana. Defendants did not testify nor offer any evidence at the trial.

Defendants were represented by separate counsel at the trial and upon their motions for a new trial. Upon denial of their motions they requested an opportunity to obtain new counsel. Thereafter several continuances were granted pursuant to their request. Defendants obtained new counsel, who made motion for an order vacating the order denying the motions for a new trial. The motions were supported by affidavits of defendants and a brother of Logan. The grounds of the motion and the substance of the affidavits were that defendants had not been properly represented at the trial in that they were advised by their attorneys not to take the stand and that persons who could have given evidence in their behalf were not called as witnesses. It was asserted in the affidavits that the attorneys intended to urge as a defense that the defendants were entrapped by the police into committing the offenses and that the defendants themselves stated to their attorneys that they were opposed to relying upon that defense. The trial judge permitted extensive presentation of the motions and gave the same patient consideration. The motions were denied, probation was denied, and defendants were sentenced to state prison. No notice of an appeal from the order was given. Defendants' attorneys gave notice of appeal from the judgments and orders denying motions for a new trial. Thereafter defendants substituted themselves in the place and stead of the attorneys.

■ It appears from the record that the court in granting the defendants an opportunity to procure new counsel and continuing the matter for that purpose intended that the continuance was of the hearing of the motions for a new trial and that notwithstanding the entry of an order denying the motions a ruling on the motions was held in abeyance. If so, the notice of appeal from the order denying the motions for a new trial was sufficient. ■ But the motions presented no sufficient grounds for a new trial. The affidavits stated that defendants would have testified and would have called witnesses except for the advice of their attorneys but they did not state that defendants or their witnesses would have given testimony contradictory of that introduced by the People. ■ And a claim by a defendant that his attorney exercised his own judgment and rejected the suggestions of the client during the trial is not a ground for granting a new trial.

■ When it is claimed on motion for a new trial or appeal in a criminal case that the defendant was inadequately represented by counsel at the trial, the question is whether he was substantially denied his constitutional right to be represented by counsel. The right to representation is one which our courts will maintain "absolutely and to the full extent" (*People* v. *Avilez,* 86 Cal.App.2d 289 [194 P.2d 829]; *In re Major,* 135 Cal.App.2d 405 [287 P.2d 359]). ■ But where an accused is represented by counsel and the basis of his claim is that he received poor advice, indicative of poor judgment on the part of his attorney, and acted thereon to his detriment, those facts, even if substantiated, do not amount to a denial of the right of representation. (*People* v. *Miller,* 114 Cal. 10 [45 P. 986]; *People* v. *Lennox,* 67 Cal. 113 [7 P. 260]; *People* v. *Kirk,* 98 Cal.App.2d 687 [220 P.2d 976]; *People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657]; *People* v. *Ynostroza,* 105 Cal.App.2d 332 [232 P.2d 913]; *People* v. *Morton,* 100 Cal.App.2d 269 [223 P.2d 259].)

■ The affidavits presented by the defendants show that the alleged ground of disagreement between defendants and their attorneys consisted of the expressed belief of the attorneys that the better defense was a claim of entrapment, whereas the defendants profess to have expressed a desire to testify in denial of the charges. The contention that defendants were entrapped was devoid of merit, but it may nevertheless have appeared to the attorneys as more likely to succeed than mere denials of the testimony of the witnesses

for the State, which amounted to convincing evidence of defendants' guilt. Moreover, had Logan testified it would have been developed that he had suffered a prior conviction of the sale of narcotics, a circumstance which would have been disastrous if not fatal to the defense. In brief, the record is devoid of any showing that defendants were not well represented at the trial or that they could have presented a meritorious or even a plausible defense. The claims they made of inadequate representation were groundless (*People* v. *Zuccaro,* 47 Cal.App.2d 414 [118 P.2d 40] ; *People* v. *Gourdin,* 108 Cal.App. 333 [291 P. 701] ; *People* v. *Summers,* 107 Cal. App. 250 [290 P. 464] ; *People* v. *Martin,* 128 Cal.App.2d 361 [275 P.2d 635] ; *People* v. *Ives,* 17 Cal.2d 459 [110 P.2d 408] ).

■ There was direct evidence of acts of the defendants constituting the essential elements of the offenses charged—namely, an unlawful agreement to procure for and sell a narcotic to a minor, followed by the commission of the overt acts alleged. This was an unlawful conspiracy. (Pen. Code, § 182; *People* v. *Benenato,* 77 Cal.App.2d 350 [175 P.2d 296].) There was ample evidence of a sale to a minor.

The record is devoid of error; defendants were accorded a fair trial.

The judgments and orders are affirmed.

Wood (Parker), J., and Vallée, J., concurred.