Richard D. DeLuce, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., and John A. Mitchell, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and HAMLIN, Circuit Judges, and SOLOMON, District Judge.

**Forrest Silva TUCKER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17982.

United States Court of Appeals Ninth Circuit.

Oct. 11, 1962.

PER CURIAM.

This is an appeal from an order denying a writ in the nature of a writ of error coram nobis in the United States District Court for the Southern District of California. The court below had jurisdiction under the All Writs Statute, 28 U.S.C. § 1651. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

Appellant was sentenced to serve twenty-five years for armed bank robbery in the United States District Court for the Northern District of California (18 U.S.C. § 2113). Before starting to serve sentence, he was thereafter convicted of the same offense, armed bank robbery, in the United States District Court for the Southern District of Cali-

fornia. He was sentenced to serve five consecutive years.

He then stated he would like to move for a new trial. His attorney asked to be relieved. The trial judge said:

"Let the record show the court *will appoint* somebody else for any further proceedings the defendants desire to take." (Tr. p. 8; emphasis added.)

The defendant Tucker then asked that his sentencing be continued. The court refused the requested continuance, and the defendant stated:

"I will withdraw my motion for a new trial at this time, then, and at a later time I will try to submit my evidence in the form of new evidence."

Defendant Tucker did nothing with respect to his conviction in Southern California, although he appealed his conviction in the Northern California matter. All the foregoing occurred in August 1953.

Appellant was granted a full hearing in the district court on this petition. Thereafter one of the most experienced trial judges in our federal court system made and filed the following Findings of Fact, Conclusions of Law and Order thereon:

"FINDINGS OF FACT

"1) Defendant and Richard Bernard Bellew were charged in a one count indictment returned April 8, 1953, with the violation of the armed bank robbery statute: 18 U. S.C. § 2113(d).

"2) A jury verdict of guilty was returned against Tucker and Bellew on July 23, 1953.

"3) Tucker was sentenced on August 3, 1953, to serve five years in the custody of the Attorney General following the termination of the twenty-five year term imposed upon him for another bank robbery in the Southern Division of the Northern District of California in Case No.

33561. Bellew was given fifteen years.

"4) After the imposition of sentence, Tucker orally moved the Court, the Honorable Dave W. Ling, United States District Judge presiding, to grant him a new trial. Tucker's Court-appointed attorney, Hugh R. Gallahger, Esq., and Bellew's Court-appointed attorney, Richard L. Sullivan, Esq., interjected their requests to be relieved from further service in the case. Judge Ling granted their motions and instructed the Clerk to indicate in his minutes that the Court would appoint other counsel 'for any further proceedings the defendants desire to take.'

"5) Tucker withdrew his oral motion for a new trial immediately thereafter at the conclusion of the sentencing hearing on August 3, 1953, and stated: '(A)t a later time I will try to submit my evidence in the form of new evidence.'

"6) No notice of appeal was filed by either defendant within the tenday period prescribed by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.; however, 72 days after the imposition of their sentences, on October 14, 1953, motions were filed in this Court by both defendants requesting extensions of time within which to file notices of appeal.

"7) These motions were denied by this Court in an order filed on October 29, 1953. Tucker and Bellew's motions for a rehearing thereon filed November 6, 1953, were denied by this Court in an order filed January 25, 1954. On May 21, 1954, the opinion of the United States Court of Appeals for the Ninth Circuit denying both defendants their request to appeal from the denial of their motions for extensions of time in which to file notices of appeal from their judgments of conviction was filed in this Court.

"8) Thereafter Tucker initiated several different proceedings in this Court and in the Court of Appeals, attacking the judgment of August 3, 1953. These included a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, filed in this Court on May 27, 1954, and a motion to vacate his sentence pursuant to Title 28 United States Code § 2255. Relief was denied in each case.

"9) On November 2, 1954, Tucker filed his first motion in the nature of a writ of error coram nobis in which he alleged that an understanding had been reached between him and Assistant United States Attorney Manuel L. Real that he would not offer an alibi defense at trial in return for which the Government would seek leniency from the Court for him; furthermore, he alleged therein that his Court-appointed attorney, Hugh R. Gallagher, Esq., had a conflict of interest since one of his private clients was an important prosecution witness.

"10) After a hearing on the aforesaid charges, the Honorable William C. Mathes, United States District Judge, filed Findings of Fact and Conclusions of Law on March 11, 1957, denying relief to Tucker, and finding among other things that: 'Attorney Hugh Gallagher never knew or represented John Hancock * * * in any proceedings or matters whatsoever, either civil or criminal * * *' and that 'Attorney Manual L. Real did not at any time make any agreement, representation or promise to or with the petitioner, or to any other person; that the Government was not interested in prosecuting or convicting the petitioner; or that the Government would move for a Judgment of Acquittal or Dismissal against said petitioner in connection with said case; or, in the event of a conviction against the petitioner, that the Government would request or recommend to the United States District Court the imposition of a concurrent sentence to the above-mentioned term of twenty-five years imposed by the United States District Court for the Northern District of California; this Court further finds that Attorney Manual L. Real never requested the petitioner to refrain from calling any witnesses whatsoever in his own behalf at the time of the above trial in return for such a motion for a Judgment of Acquittal or Dismissal or a request or recommendation by the Government for a concurrent sentence in the event of conviction, or for any reason whatsoever * *'

"11) The instant motion in the nature of a writ of error coram nobis was filed by Tucker on October 24, 1958, and denied by this Court on the same day. Tucker appealed from this denial and upon motion of the Government in the Court of Appeals, the Court of Appeals remanded the case to this Court on October 10, 1960, 'for further proceedings wherein the record of the district court may be supplemented prior to reconsideration by said court of appellant's motion in the nature of a writ of error coram nobis in accordance with the United States Supreme Court's directions for remand in Price v. Johnston, 334 U.S. 266, at pages 293–294, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).'

"12) Defendant Tucker was represented by Court-appointed counsel Hugh R. Gallagher, Esq. throughout the trial of his case and until after the imposition of sentence upon him.

"13) Tucker was apprised of his right of appeal by the counsel appointed to represent him at trial by the United States District Court for the Northern District of California, Southern Division, in Case No. 33561, prior to his trial in this Court.

"14) Tucker was again informed of his right to appeal from a federal judgment of conviction by his attorney in this case, Mr. Gallagher.

"15) Prior to the trial of this case Tucker took the steps necessary to make a motion for a new trial in his case in the Northern District of California, securing the services of Court-appointed counsel to prepare these papers.

"16) Tucker prosecuted an appeal from his judgment of conviction in the Northern District of California.

"17) At no time did Tucker ever inform Mr. Gallagher that he wished to appeal from his judgment of conviction in this Court.

"18) At no time prior to October 14, 1953, did Tucker inform any officer of this Court: judge, clerk, or attorney, that he wished to file a notice of appeal from his judgment of conviction in this Court.

"19) Neither Deputy United States Marshal Earle L. Baugher, nor any other officer of the United States of America ever instructed any officer of the Los Angeles County Jail to place Tucker in solitary confinement or in a restricted privileges cell block, nor did he instruct any officer of the Los Angeles County Jail to put Tucker on a diet of 'bread and water' nor to restrict in any manner his ordinary privileges, including the privilege of correspondence, afforded to federal prisoners confined in that Jail.

"20) At no time during the months of August and September, 1953, was Tucker ever confined in the solitary confinement facilities of the Los Angeles County Jail, nor was he lodged in any restricted privileges cell block at that institution.

"21) At no time during the months of August and September, 1953, was Tucker deprived of the right to send mail to and receive mail from, his attorney, the Attorney General of the United States, the Director of the Bureau of Prisons, the United States Court of Appeals for the Ninth Circuit, or this Court.

"22) In a letter mailed by Tucker from the Los Angeles County Jail on August 3, or 4, 1953, to J. George Ohanneson, Esq., Tucker made no reference to a desire to file a notice of appeal from the judgment of August 3, 1953. He merely requested that Mr. Ohanneson secure an attorney to represent him, to which Mr. Ohanneson replied promptly with the recommendation that Tucker direct his request for an attorney to Judge Ling, the sentencing Judge, and the further advice that the best attorney would be the one who represented him at trial.

"23) At the time Tucker was returned to the Los Angeles County Jail on August 3, 1953, there was no matter pertaining to Tucker's case pending before this Court, since Tucker had voluntarily withdrawn his oral motion for a new trial immediately after announcing it, and suggesting that he would later file a motion based upon newly discovered evidence.

"24) Tucker did not address any communication to this Court until he mailed his motion for an extension of time filed on October 14, 1953.

"25) Tucker made no attempt to contact Mr. Gallagher or any other attorney after the aforesaid letter to Mr. Ohanneson.

"26) Tucker did not attempt to apprise this Court of his allegations of misconduct by federal officers contained in his affidavit in support of the instant motion until he filed his second motion in the nature of a writ of error coram nobis on October 24, 1958.

"27) Tucker gave no timely indication to Judge Ling that he wished

to initiate any further proceedings in his case.

"28) No officer of this Court committed any acts or omitted any acts which resulted in the deprivation to Tucker of his statutory right of appeal.

## "CONCLUSIONS OF LAW

"1) Defendant's second motion in the nature of a writ of error coram nobis and his attached affidavit in support thereof were made in bad faith and constitute an abuse of the process of this Court.

"2) Defendant has pointed to no meritorious grounds for appeal from the judgment of August 3, 1953.

"3) Defendant's statutory right of appeal from the judgment of August 3, 1953, was not frustrated by the acts of any officer of this Court, by any officer of the United States, nor by any person acting as an agent of the United States.

"4) Defendant's motion in the nature of a writ of error coram nobis, filed October 24, 1958, should be denied.

## "ORDER

"In accordance with the foregoing Findings of Fact and Conclusions of Law,

"IT IS ORDERED, ADJUDGED, AND DECREED that the motion in the nature of a writ of error coram nobis, filed October 24, 1958, is herewith denied.

"DATED: January 23, 1961.

"/s/ LEON R. YANKWICH

"United States District Judge"

We affirm that order. Tucker at no time asked for appointment of *counsel* that it was not granted him. To hold it error not to appoint counsel never asked for would create automatic grounds for appeal in every criminal case. Such has never been the rule. Thompson v. Johnston, 9 Cir.1947, 160 F.2d 374, certio-rari den. 331 U.S. 853, 67 S.Ct. 1738, 91 L.Ed. 1861; Brown v. Johnston, 9 Cir. 1942, 126 F.2d 727, certiorari den. 317 U.S. 627, 63 S.Ct. 39, 87 L.Ed. 507.

Affirmed.