FOURT, J.
 

 This is an appeal from a judgment of conviction of a violation of section 10851, Vehicle Code.
 

 In an information filed in Los Angeles on February 3, 1966, defendant with Thomas Reed was charged in count I with grand theft, in that they did on January 8, 1966, feloniously take the motor vehicle of David M. Culver; in count II they were charged with feloniously taking and driving the automobile of David M. Culver on January 8, 1966, without the consent of Culver and with intent to deprive him, the owner, of title and possession of the vehicle in violation of the provisions of section 10851, Vehicle Code. Reed pleaded guilty to count II of the information. Defendant pleaded not guilty to each of the counts and in a non-jury trial was found guilty of count II and not guilty of count I. Defendant was sentenced to the state prison. A timely notice of appeal was filed.
 

 A résumé of some of the facts is as follows: On January 8, 1966, at about 8 :30 p.m., David Culver parked his 1952 Chevrolet automobile, license number NTD 289 in a grocery store parking lot at 6011 South San Pedro Street in Los Angeles County. He gave no one permission to take the car. Culver returned to the parking lot at about 9 -.45 p.m. the same evening and his car was gone. At about 3:45 a.m., January 10, 1966, Officer Brath of the Los Angeles Police Department saw Ferguson standing beside a parked 1952 Chevrolet ear, license number NTD 289. Ferguson and Reed were attempting to place a television set into the rear seat of the vehicle. Officer Brath stopped and questioned defendant and Reed with reference to the television set. The officer noted that the door to the residence at 242 North Hoover Street was open. Ferguson told the officer that he knew the person who lived at 242 North Hoover Street and that such person had instructed him to get the television set from his house. The officer called a telephone number where the man who owned the residence at 242 North Hoover could be reached and ascertained from him that he had not given defendant and Reed permission to take the television set. The officer thereupon placed defendant and Reed under arrest for burglary. After being advised of his constitutional rights, defendant was asked where he got the automobile and he answered that he got it that night from a
 
 *491
 
 friend of his named Johnny but that he did not know where Johnny lived.
 

 The automobile Avas impounded and thereafter it was ascertained that it had been stolen.
 

 Officer Thor testified that defendant made a statement the following day Avhile in the Central Jail wherein defendant told officer Thor that he had been at Selina Gibson’s house and had called a friend “Peewee” to come and get him, that he, defendant, had left Gibson’s Avith “Peewee” and Reed in a 1964 Ford ear; that they had been asked to get some “booze” and a doctor had told them to get his television set and put it in a car that was setting in front of his house; further, that he, defendant, knew nothing else about the CulA'er car.
 

 Reed made a statement to an officer to the effect that defendant was chargeable with the responsibility of having driven him, Reed, in the stolen car to 242 North Hoover Street. When defendant was confronted with the Reed statement, defendant refused to speak further about the incident.
 

 Appellant now contends that the failure of his trial ■attorney to call Reed as his own witness demonstrates incompetence upon his part as a trial attorney and amounts to a denial of the right to effective counsel.
 

 In the brief of appellant’s counsel it is stated that it was trial counsel's duty “to call all witnesses which
 
 might
 
 haAre been able to exonerate the appellant” and that “In refusing to call the alleged accomplice, whose confession shifted the responsibility for the alleged act of criminality on the appellant, counsel for the appellant failed to provide the latter Avith the meaningful representation . . . . ”
 

 It presents a sorry situation in the profession of the law for one attorney, in effect, to accuse another of incompetence under the circumstances of this case. Present counsel obviously has no Avay of knowing what tactics and strategy at the time of trial Avere preferable—it might well have been that had trial counsel called Reed as appellant’s Avitness he Avould h-aAre testified as he already had stated to the police and thereby sealed for good the fate of appellant, and it could have been that Reed might easily have been discredited (the fact is that he had, at that time, pleaded guilty to a felony). In any event, appellant, at the time of the trial, made no complaint to his counsel about not calling Reed as a witness, nor did he complain to the court about any lack of competency of his counsel. In
 
 People
 
 v.
 
 Monk,
 
 56 Cal.2d 288, 299 [14 Cal.Rptr.
 
 *492
 
 633, 363 P.2d 865], it is stated: “Moreover, even if there had been any incompeteney on the part of defense counsel, it is questionable whether defendant in the instant case could complain on appeal. A defendant may complain at any time during the trial that his counsel is not adequately representing him thereby affording the trial court an opportunity to correct the situation, but if a defendant fails to avail himself of this privilege at the trial level, he cannot ordinarily after an adverse judgment, first complain of the matter on appeal. [Citations.]”
 

 This court in
 
 People
 
 v.
 
 Seals, 191
 
 Cal.App.2d 734, 739 [13 Cal.Rptr. 7], which had to do with a contention that counsel had failed to call certain witnesses, said: “. . . ‘ If defendant felt his counsel did not adequately represent him he should have complained to the trial court and given that court an opportunity to correct the situation. In the absence of such complaint the acts of defendant’s counsel are imputed to him. [Citations.] ’ ” And in
 
 People
 
 v.
 
 Logan,
 
 137 Cal.App.2d 331, 335 [290 P.2d 11], it is set forth: “. . . But where an accused is represented by counsel and the basis of his claim is that he received poor advice, indicative of poor judgment on the part of his attorney, and acted thereon to his detriment, those facts, even if substantiated, do not amount to a denial of the right of representation. [Citations.] ” (See also,
 
 People
 
 v.
 
 Jackson,
 
 186 Cal.App.2d 307, 315 [8 Cal.Rptr. 849];
 
 People
 
 v.
 
 Gibbs,
 
 188 Cal.App.2d 596, 603 [10 Cal.Rptr. 581].)
 

 The control of the trial of the case is of necessity with counsel and the problems of trial tactics and strategy are his responsibility.
 

 It will not serve the profession of the law well, in the long run, for appointed or other counsel to assert that previous counsel was incompetent or unfair in an effort to have a properly convicted felon released. This is not to say that when “counsel’s lack of diligence or competence reduced the trial to a ‘farce or a sham’ ”
 
 (People
 
 v.
 
 Ibarra,
 
 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487]) that nothing should be said or done about it. The facts of this case are such that trial counsel did very well considering what he had to work with.
 

 The sentencing record reveals that counsel was skillful in having the judge order that a previous sentence for a violation of section 10851, Vehicle Code, run concurrently with the present sentence.
 

 The judgment is affirmed.
 

 Wood, P. J., and Lillie, J., concurred.